L. B. MCLEOD CONSTRUCTION COMPANY, a corporation, and GLOBE INDEMNITY COMPANY, a corporation, *Petitioners*, vs. STATE OF FLORIDA, for the use and benefit of Standard Oil Company, a corporation, *Respondent*.

143 So. 594.

Division B.

Opinion filed September 28, 1932.

*Sutton, Tillman & Reeves* and *Robert H. Anderson*, for Petitioners;

*Martin H. Long* and *Thos. E. Kelly*, for Respondent.

PER CURIAM.—An action *ex contractu* was brought in the Civil Court of Record for Duval County by the respondent herein against the petitioners. The declaration contains the following:

"That on or about the 14th day of August, A. D. 1926, the defendant, L. B. McLeod Construction Company entered into a certain contract for the construction of a certain public work in the County of Citrus, State of Florida, the said public work being for the construction or otherwise improving a road between Dunnellon and Holder, in Citrus County, and more particularly known as project No. 682, all in accordance with the terms and provisions of said contract, * *."

"That to secure the performance of said contract and also the further obligation with the principal contractor to fully and promptly pay the claim of all persons who furnished materials and supplies used in the construction of said public project and of the obligations imposed by Chapter 10035 of the laws of Florida, 1925, the said defendants entered into a certain bond or obligation under seal, * * and that under and by virtue of the terms thereof, the said defendants became bound unto the plaintiff in the penal sum of Ninety-six Thousand Five Hundred and Eighty-three and 24/100 Dollars ($96,583.24) lawful money

of the United States of America; that it was necessary to use directly or indirectly in the construction of the work provided for in said contract, certain gasoline and oils, which were furnished by the use plaintiff to one, E. A. Wright, a subcontractor of the principal on said work, and were actually used in the prosecution of the work provided for in said contract;

\* \* \* \* \* \* \* \* \* \* \* \*

that said materials were necessary for the use of the equipment operated by the persons working on said public job and were actually so used; that the true value of said materials is Sixteen Hundred Sixty-five and 73/100 Dollars ($1665.73) * * * that all conditions have been performed and all times have elapsed and all things happened necessary to entitle the plaintiff to the performance by the defendants of the obligations of said contract and bond, and to the payment of the said amount above stated, but that the defendants have failed and refused and still fail and refuse to pay the same."

One of the defendants in the trial court, the Globe Indemnity Company, a corporation, filed a demurrer to the declaration which was overruled. The other defendant, the L. B. McLeod Construction Company, a corporation filed the following plea of privilege:

"Comes now the defendant L. B. McLEOD CONSTRUCTION COMPANY, a corporation, by its undersigned attorney, and, for a plea of privilege to the declaration filed in this cause, says that the supposed cause of action if any, arose in the County of Citrus, State of Florida, and that said defendant is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in the City of Tampa, and is a resident of the said County of Hillsborough, State of Florida; and that the said corporation has always had its office and place of business in the County of Hillsborough, State of Florida, and nowhere else within said State, and that said defendant does not now have and never has had any office or place of business, or agent or agency in the County

of Duval, State of Florida, and that the summons issued in this cause was served upon L. B. McLeod, President of this corporation, in the County of Hillsborough, State of Florida, and this defendant claims its privilege to be sued in the County of Hillsborough, State of Florida, or in the County of Citrus, State of Florida.''

The City of Tampa is in Hillsborough County, Florida.

The plaintiff demurred to the plea of privilege on grounds:

''1. That said plea is not in the proper form required for pleas in abatement. 2. That said plea is in effect a plea in bar but as such is insufficient. 3. That the beginning of said plea is not in the form required for pleas in abatement. 4. That the prayer of said plea is defective. 5. That the affidavit attached to said plea is defective. 6. That the said plea does not negative by its allegations all possible intendments.''

The court ''ordered and adjudged that the demurrer filed by the plaintiff to the plea of privilege filed by the defendant, L. B. McLeod Construction Company, be and the same is hereby sustained and leave to amend this particular plea is hereby denied.''

Other pleas were filed and proceedings were had resulting in the following judgment:

''It is * considered by the Court that the Plaintiff State of Florida for the use and benefit of Standard Oil Company, a corporation, do have and recover of and from the defendants, L. B. McLeod Construction Company, a corporation, the sum of $1,800.65, its damages herein sustained, besides costs in this behalf expended and herein taxed at $31.67 for which let execution issue.''

Such judgment was on writ of error affirmed by the Circuit Court, and this Court allowed a writ of certiorari to the Circuit Court judgment of affirmance.

The statute provides that:

''Suits against two or more defendants residing in

different counties (or Justices' districts) may be brought in any county or district in which any defendant resides." Sec. 4220 (2580) C. G. L. 1927.

"Suits against domestic corporations shall be commenced only in the county (or Justice's district) where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is; and in the case of companies incorporated in other States or Countries, and doing business in this State, suits shall be commenced in a county or justice's district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated." Sec. 4222 (2582) C. G. L. 1927.

The statutory right of a domestic corporation defendant under Section 4222 (2582) C. G. L., to be sued "in the county (or justice's district) where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is" subject to the provisions of Sec. 4220 (2580) when applicable may be asserted by a plea in the nature of a plea in abatement, filed before or with pleadings going to the merits. The plea does not challenge the jurisdiction of the court, but asserts the statutory privilege of the defendant as to venue. See Crystal River Lumber Co. vs. Consolidated Naval Stores Co., 63 Fla. 119, 58 So. 129; Painter Fertilizer Co. vs. Du Pont, 54 Fla. 288, 45 So. 507.

The substantive provisions of Section 4220 (2580) C. G. L. as above quoted first appeared as a legislative enactment in the Territorial Act of November 23, 1828, entitled an act "regulating judicial procedure." Sections 10 and 11 of the Act of 1828 contain the following provisions:

"No suit shall be brought to any of the Superior

courts of this territory against any person residing therein, unless the same be instituted in the judicial district and county, in which the defendant resides; Provided, there by a Superior court established by law in the county in which the defendant resides; except in cases brought against two or more defendants residing in different judicial districts, then, and in that case, it shall be lawful for the plaintiff or complainant to commence his action in either district; and he may instruct the clerk to issue an additional original and copies, to be directed to the Marshal of the district in which the other defendants reside* * * * * * * * * *." Section 10.

"No suit shall be brought to any of the county courts of this Territory against any person residing therein, unless the same be instituted in the county in which the defendant resides, except in cases brought against two or more defendants residing in different counties, then, and in that case, it shall be lawful for the plaintiff to commence his action in either county, and he may instruct the clerk to issue an additional original and copies, to be directed to the sheriff of the county in which the other defendants reside; * * * * * * * * * *." Section 11. See Acts 1828, p. 27-29.

In Edwards v. Union Bank of Florida, 1 Fla. 136, it was held that a corporation is included in Section 10 of the Act of November 23, 1828, the construction being that the words "residing" and "reside" as used in the section, in their application to corporations, refer to the county where the office of the corporation is kept.

A part of Section 10, Act of November 23, 1828, was re-enacted as Section 999, Revised Statutes; Section 1834, General Statutes, Section 2580, Revised General Statutes. The subject-matter and juxtaposition of the re-enacted provisions indicate that the statutes now appearing as Sections 4219-4222, Compiled General Laws, 1927, are to be considered as being in *pari materia*.

A plea asserting a statutory privilege to be sued in a

county other than the one in which the suit or action was brought, should by specific averments negative a right of the plaintiff to maintain the suit or action in the county where brought, under any applicable provision of law.

Under the quoted statutes as interpreted, where two corporations are otherwise properly joined as defendants in an action, the action may be maintained against both corporate defendants in a county in which one of the defendants, if a domestic corporation, "shall have or usually keep an office for the transaction of its customary business;" or, if one of the defendants is a foreign incorporated company doing business in this State, the action may be maintained in a county wherein such co-defendant company "may have an agent or other representative."

In this case the action was brought in Duval County and two corporations are the defendants. The plea of privilege of one of the defendants avers that the transitory cause of action, if any, arose in Citrus County, that the defendant is a domestic corporation, "and is a resident of" Hillsborough County, and that the defendant does not now have and never has had any office or place of business or agent or agency in Duval County. But the defendant's plea does not aver that its co-defendant corporation if a domestic corporation, did not "have or usually keep an office for the transaction of its customary business" in Duval County when the action was begun; and does not aver that its co-defendant corporation, if a foreign incorporated company doing business in this State, did not have an agent or other representative in Duval County, when the action was brought against the two corporate defendants.

The plea of privilege of one of the corporate defendants was subject to the demurrer thereto, one of the

grounds being that the plea "does not negative * all possible intendments."

It cannot fairly be held in this case on certiorari that the essential requirements of the law were not observed in affirming the judgment which involved a denial of leave to amend the plea of privilege.

The declaration refers to "E. A. Wright, a sub-contractor of the principal on said work." No plea denies such assertion in the declaration. As shown on pages 32 and 73 of the transcript, counsel for the defendants and a witness for the plaintiff referred to E. A. Wright as a sub-contractor for the defendant, L. B. McLeod Construction Company. On certiorari it sufficiently appears that E. A. Wright was a sub-contractor for the defendant L. B. McLeod Construction Company, within the provisions of Chapter 10035, Acts of 1925, Section 5397 (3533) C. G. L.

The evidences of delivery are sufficient on writ of certiorari.

The statute requires a bond with good and sufficient sureties to be given by any contractor for the construction of a public work conditioned that the contractor shall promptly make payments to all persons supplying them labor, material and supplies, used directly or indirectly by the said contractors or sub-contractors in the prosecution of the work; and gives to any person supplying such labor, material or supplies a right of action against the contractor and sureties on the bond for the labor, material and supplies so furnished and used and not paid for. Section 5397 (3533) C. G. L. A plea denied that the materials were used in the construction and improvement of project No. 682.

The transcript shows the delivery of gasoline and oil by the use plaintiff to a sub-contractor of the defendant L. B. McLeod Construction Company for use in the pub-

lic work project No. 682. The defendants adduced testimony of the sub-contractor that from 30 to 60 per cent of the gasoline and oil delivered by the plaintiff as shown, was used in other projects than the one named in the bond sued on. As the plaintiff showed delivery, at the point to serve the specified public work project, of supplies consisting of gasoline and oil to be consumed in work on the project, the testimony for the defendants that a portion thereof was not used in that project but in other projects, should have legally and sufficiently proven the amount not used in the particular project with definiteness, since that matter was peculiarly within the province of the defendants to know or ascertain and not within the province of the plaintiff to ascertain, after delivery had been made of the gasoline and oil to be used and consumed in the public work, to or for a sub-contractor at a point designated and appropriate for use in the specific public work project. The defendants did not make the required proof, so that the verdict of the jury as to the amount due can be reviewed on certiorari to determine whether the affirmance of the judgment on the verdict is a departure from the essential requirements of law.

Even if it would be reviewable on certiorari there was no specific exception to the charge complained of here, either at the trial or in the motions for new trial.

Unlike the case of Kidd v. City of Jacksonville, 97 Fla. 297, 120 So. 556, the material furnished in this case, gasoline and oil, were consumed in transportation and power facilities that were essential to the public improvement construction, and could not become a part of the public works project, but such gasoline and oil were nevertheless used directly or indirectly in the prosecution of the public work. See Brogan v. National Surety Co., 246 U. S. 257.

The writ of certiorari is quashed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., concurs in the conclusion.