STATE *ex rel.* S. E. TEAGUE v. W. T. HARRISON, Judge, Circuit Court, Manatee County.

190 So. 483
Opinion Filed June 9, 1939
Rehearing Denied July 24, 1939

Singletary & Cornwell, H. H. Wells and B. K. Roberts, for Petitioner;

W. J. Daniel, Jr., and J. Ben Fuqua, for Respondent.

TERRELL, C. J.—In January, 1938, H. E. Boyd brought a common law action against S. E. Teague on certain promissory notes alleged to have been executed by the latter. A demurrer to the declaration was overruled and the defendant entered a plea of privilege claiming the right to be sued in Franklin County where the notes were executed and where the cause of action accrued.

A demurrer and motion to strike the plea of privilege were interposed. The demurrer and the motion to strike were grounded on the charge that the plea of privilege was waived when the demurrer to the declaration was filed and overruled. At this state of the cause, Teague applied to this Court for writ of prohibition. A rule nisi was directed to the Circuit Court of Manatee County commanding him to show cause why he should not be prohibited from entering any further orders, judgments, or decrees in the common law action. The cause now comes on to be heard on the motion to quash the rule nisi.

The question to be adjudicated might be stated differently but for simplicity, we will state it as follows: Did the Circuit Court of Manatee County have jurisdiction of the subject matter and the parties to the common law action?

The answer to this question turns on the interpretation to Section 1, Chapter 17134, Acts of 1935, as follows:

"That all promissory notes, negotiable or non-negotiable, the payment of which is not secured by a mortgage or pledge of real or personal property, shall conclusively be

deemed to have been completely executed, delivered and accepted in the county, or justice-of-peace district, in which actually signed and the maker resides, or in any county, or justice-of-peace district, in which actually signed by one or more of several makers, or one or more of several makers resides or reside, regardless of the county, or justice-of-peace district, in which such instrument might be accepted or approved by the payee, and regardless of any stipulation in such instrument as to the place of payment; and the cause of action thereon shall also conclusively be determined to have arisen, and suit thereon shall be brought, only in the county, or justice-of-peace district, in which such instrument was actually signed by the maker, or one of several makers, or in which the makers reside, or one or more of several makers resides or reside; and where suit is brought on any such instrument, that was signed by the makers thereof in more than one county, or justice-of-peace district, or in any county, or justice-of-peace district, in which it was actually signed and "delivered, whether by one maker, or one or more of several makers, whether by all of them or not, in any county, or justice-of-peace district, in which a signer resides, or several signers reside, no suit shall ever be brought thereon in any other county, or justice-of-peace district."

Respondent contends that the law so quoted applies only to promissory notes not secured by mortgage or other pledge and that the notes sued on having been so secured, the statute has no application to them. It is further contended that petitioner waived his plea of privilege when he filed a general demurrer to the declaration and not only that but he has confused the question of privilege with that of lack of jurisdiction.

If the notes as secured had been relied on for recovery, and suit to foreclose had been brought, this contention

would be true but here the plaintiff abandoned his security, as he had a right to do, and elected to sue at law on the open notes. He had a right to pursue either of these courses but when he elects to follow one, he is barred from the other. When he abandoned his security, he instituted a common law action. The notes were in legal effect unsecured and were covered by the Act as here quoted.

It is admitted that the notes in question were executed, delivered, and accepted in Franklin County. Jurisdiction to recover on them in a common law action was in that event under the Act as quoted laid to Franklin County. There was accordingly no basis for the action in Manatee County. The title to Chapter 17134, Acts of 1935, supports this conclusion and is as follows:

"An Act Determining and Declaring where Certain Written Instruments Are Executed, Causes of Action Arise, and Suits Thereon Shall Be Brought."

The motion to quash is therefore overruled.

It is so ordered.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., dissents.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

THOMAS, J. (dissenting).—From the petition for a writ of prohibition I understand that H. E. Boyd sued relator in Manatee County, January 18, 1938, on promissory notes signed by relator and payable to plaintiff and another. March 7 the relator demurred to the declaration, assigning as matters of law to be argued, among others, that no cause of action was stated and that the court was without jurisdiction. This demurrer was overruled May 5 and the following day relator filed a plea of privilege asserting his right to be sued in Franklin County because of the pro-

visions of Chapter 17134, Acts of 1935. The court sustained a demurrer to the plea and relator sought and secured from this court an order directing the judge of the Circuit Court of Manatee County to show cause why writ of prohibition should not issue prohibiting him from further entertaining the suit.

In this manner the jurisdiction of the Circuit Court is brought directly into question.

Upon motion to quash there should be considered: (1) the effect of the statute above cited and (2) the efficacy of the plea. To clarify the following observations the Act is quoted in full:

"That all promissory notes, negotiable or non-negotiable, the payment of which is not secured by a mortgage or pledge of real or personal property, shall conclusively be deemed to have been completely executed, delivered and accepted in the county, or justice-of-peace district, in which actually signed and the maker resides, or in any county, or justice-of-peace district, in which actually signed by one or more of several makers, or one or more of several makers resides or reside, regardless of the county, or justice-of-peace district, in which such instruments might be accepted or approved by the payee, and regardless of any stipulation in such instrument as to the place of payment; and the cause of action thereon shall also conclusively be determined to have arisen, and suit thereon shall be brought, only in the county, or justice-of-peace district, in which such instrument was actually signed by the maker, or one of several makers, or in which the makers reside, or one or more of several makers resides or reside; and where suit is brought on any such instrument, that was signed by the makers thereof in more than one county, or justice-of-peace district, or in any county, or justice-of-peace district, in which it was actually signed and delivered, whether by

one maker, or one or more of several makers, whether by all of them or not, in any county, or justice-of-peace district, in which a signer resides, or several signers reside, no suit shall ever be brought thereon in any other county, or justice-of-peace district." Sec. 1, Chap. 17134, Laws of Florida, 1935. And also Section 4219 C. G. L., 1927:

"Suits shall be begun only in the county (or if the suit is in the justice-of-the-peace court in the justice's district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is.

"If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the praecipe or bill in chancery, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant. This Section shall not apply to suits against non-residents."—which has been construed by this Court on many occasions.

Both are mandatory in their terms and the question is whether the former grants a privilege merely or divests all courts of jurisdiction save those existing in the territory where the suit may be brought. I think the statute secures to a defendant the right under certain circumstances to be sued in a particular county but that this is not such a right as in any wise affects the jurisdiction of the court should the action be instituted elsewhere. There appears to be no real reason to adopt a different rule in the construction of the Act than has been resorted to in interpreting Section 4219, *supra.*

In 1897, Section 4219, then designated Section 998, Rev. Stats. 1892, but of the identical phraseology, was said by this Court to accord a privilege which could be taken advantage of by plea and that such a plea was one in abatement and not to the jurisdiction of the Court. Chamberlain v. Lesley, 39 Fla. 452, 22 South Rep. 736. See also

L. B. McLeod Const. Co. v. State, 106 Fla. 805, 143 South. Rep. 594; Southern Brewing Co. v. May, 122 Fla. 443, 165 South. Rep. 627.

Being a matter of privilege, and relator so considered it for he referred to it in his petition as a "plea of privilege," it may be waived. Curtis v. Howard, 33 Fla. 251, 14 South. Rep. 821.

This brings us to the propriety of the plea filed, as we have shown, after the relator had demurred to the declaration upon the ground with others that the declaration failed to state a cause of action. The privilege could have been claimed at the time of or before filing a plea to the merits. L. B. McLeod Const. Co. v. State, *supra;* and Southern Brewing Company v. May, *supra,* but not after demurrer questioning the sufficiency of the declaration. Payne v. Ivey, 83 Fla. 436, 93 South. Rep. 143.

The demurrer was not confined to a challenge of the court's jurisdiction but attacked the merits of plaintiff's cause of action. In my opinion, therefore, the statute, Sec. 17134, *supra,* grants a privilege which must be pleaded; a plea claiming the privilege must be filed at or before one going to the merits of the action; and a demurrer presenting the sufficiency of the declaration is a waiver of the privilege where it is lodged before the plea claiming the right to be sued elsewhere.

Prohibition is available only to test jurisdiction and in view of the above observations I think it inappropriate under the facts in this case. I cannot agree with the opinion of the majority of the Court.