211 So.2d 41 (1968)
KLONDIKE, INC., Appellant,
v.
Chester John BLAIR and Beatrice M. Blair, His Wife, Appellees.
No. 1292.
District Court of Appeal of Florida. Fourth District.
June 3, 1968.
*42 Gerald M. Higier of Meyer, Weiss, Rose, & Arkin, Miami Beach, for appellant.
DOWNEY, JAMES C., Associate Judge.
This is an appeal by the plaintiff below from an adverse summary final decree dismissing its suit to foreclose a mortgage.
Appellant filed its complaint in usual form to foreclose a mortgage. Defendants answered generally denying the allegations of the complaint, and affirmatively pleaded as a bar the fact that the plaintiff had previously filed an action at law on the note secured by the mortgage in question and obtained a judgment thereon, together with costs and attorney's fees. Thereafter, each party filed a motion for summary decree. Plaintiff attached to its motion the affidavit of its president which, among other things, showed that over a year prior to the institution of the instant suit, plaintiff had recovered a judgment on the note secured by the mortgage in question, but that execution had never issued thereon and no payment had ever been received. After hearing on said motions, the trial court granted defendants' motion for summary decree, holding that as a result of plaintiff's action in filing suit on the note, plaintiff abandoned its security and could not now foreclose the mortgage, citing State ex rel. Teague v. Harrison, 1939, 138 Fla. 874, 190 So. 483. The entry of the foregoing decree is assigned as error.
The conclusion reached below appears to be based upon application of the doctrine of election of remedies; that plaintiff, having elected the remedy of suit on the note, is now precluded from pursuing the security by way of foreclosure. The doctrine of election of remedies is an application of the doctrine of estoppel on the theory that one electing should not later be permitted to avail himself of an inconsistent course. Williams v. Robineau, 1936, 124 Fla. 422, 168 So. 644. However, one is only held to have elected a remedy so as to bar other or different courses of action when the remedies are inconsistent, or if consistent, where the remedy pursued results in satisfaction of the claim. As stated in McCormick v. Bodeker, 1935, 119 Fla. 20, 160 So. 483:
"Where the remedies afforded are inconsistent it is the election of one of such remedies which operates as a bar; but where the remedies afforded are consistent it is the satisfaction of the claim which operates as a bar."
See also American Process Co. v. Florida White Pressed Brick Co., 1908, 56 Fla. 116, 47 So. 942; 28 C.J.S. Election of Remedies § 3; 25 Am.Jur.2d, Election of Remedies, § 12.
In this case there was no satisfaction of the judgment obtained on the note; no execution was issued and no payment thereon. Thus, the question resolves itself down to whether or not the remedies of suit on the note and foreclosure of the mortgage are inconsistent. If they are, plaintiff would be barred from now seeking foreclosure of the mortgage; if they are not, then suing on the note without payment would not be a bar to the present suit.
The test of inconsistency is described in 25 Am.Jur.2d, Election of Remedies, § 11:
"It has been said that the so-called `inconsistency of remedies' is not in reality *43 an inconsistency between the remedies themselves, but must be taken to mean that a certain state of facts relied on as the basis of a certain remedy is inconsistent with, and repugnant to, another certain state of facts relied on as the basis of another remedy. For one proceeding to be a bar to another for inconsistency, the remedies must proceed from opposite and irreconcilable claims of right and must be so inconsistent that a party could not logically assume to follow one without renouncing the other. * * *"
And in Section 12 the test is applied thusly:
"Applying the test of `inconsistency' of remedies, it is held that a remedy is not inconsistent where it merely seeks further relief which the court may grant consistent with that already given, or is of such a character as to indicate that the adoption of one is not an intentional relinquishment of the other or others. Thus, remedies are merely cumulative and not inconsistent where the party in the one expresses upon the record reliance upon the same facts upon which he relies in the other, as where both remedies recognize the existence and validity of a contract and proceed in affirmance thereof, or are predicated on a breach of the contract and seek redress for such breach, * * *"
The case of Weeke v. Reeve, 1913, 65 Fla. 374, 61 So. 749, is a classic example of an election of remedies. There plaintiff sought to rescind a contract based upon fraud. The court held the plaintiff was barred from bringing the suit since he had previously brought a suit, though unsuccessfully, for damages for the same alleged fraud. The court pointed out that the remedies were coexistent and inconsistent and the election of one was a bar to the other, because in a suit for damages the vendee ratifies the contract, whereas in the suit to rescind he repudiates it.
Other examples of inconsistent remedies are annotated in the footnotes under Section 11 in 11 Fla.Jur., Election of Remedies.
Turning now to the specific actions under consideration, the great weight of authority seems to be that the remedies available to a mortgagee, i.e., suit on the note or foreclosure of the mortgage, are not inconsistent remedies, and pursuit of one without satisfaction is not a bar to the other. In 37 Am.Jur., Mortgages, § 523, it is said:
"Except as affected by statute in a few states, and subject to the conflict of authority as respects the effect of an execution or an attachment upon the mortgaged property by the judgment creditor, or a sale thereunder, the cases are uniform in holding that until the mortgage debt is actually satisfied, the recovery of a judgment on the obligation secured by a mortgage, without the foreclosure of the mortgage, although merging the debt in the judgment, has no effect upon the mortgage or its lien, does not merge it, and does not preclude its foreclosure in a subsequent suit instituted for that purpose, * * *"
To like effect are, Beckett v. Clark, 1928, 125 Iowa 1012, 282 N.W. 724, 121 A.L.R. 912; Jesse v. Birchell, 1953, 198 Or. 393, 257 P.2d 255, 37 A.L.R.2d 952; Coakley v. Phelan, 1935, 179 Okla. 515, 66 P.2d 19; Equitable Life Ins. Co. v. Rood, 1927, 205 Iowa 1273, 218 N.W. 42; and Federal Farm Mortgage Corp. v. Adams, 1942, 142 Neb. 202, 5 N.W.2d 384. The subject is annotated in 121 A.L.R. 917.
The trial judge relied upon State ex rel. Teague v. Harrison, supra, as authority for the position that the prior judgment on the note was a bar to the present suit to foreclose the mortgage. The language used by the court in the Harrison case does appear to support that conclusion. However, the question before the court in Harrison was one of venue. The question now under consideration was not presented there.
*44 In view of the foregoing, it was error for the trial court to hold that the prior suit on the note without satisfaction or payment thereof constituted an election of remedies and a bar to the present action. Accordingly, the trial court's action in granting the defendants' motion for summary decree dismissing the cause is reversed.
WALDEN, C.J., and OWEN, J., concur.