PER CURIAM.
This is an appeal by the defendants below from a final judgment entered against them by the Circuit Court of Dade County in an action on a promissory note executed by defendant Lisbon Holding and Investment Co., Ltd., and endorsed by defendant, Leslie Carpenter, the chief stockholder of Lisbon. The note was given to the plaintiff as part of the purchase price of an apartment house in Brevard County and was secured by a second mortgage.
The defendants answered the complaint by denying all of the allegations except those in paragraphs one and two, and by alleging: (a) lack of consideration for the endorsement; and (b) partial failure of consideration. As a further defense it was alleged that the suit upon the note constituted an election not to foreclose the mortgage and that this action resulted in a waiver of the security, thereby discharging the endorser.
The trial court, after trial, entered judgment in favor of the plaintiff and against both the maker and endorser of the note. It is from this judgment that the defendants have appealed.
The appellant’s first contention is that the trial court did not properly apply the law to the facts at bar. The appellant contends that when the holder of a promissory note, which is secured by a mortgage, elects to sue solely on the note, that action constitutes a discharge of the endorser of the note. We cannot agree with this contention. It is uniformly held that a mortgage lien is not extinguished until the mortgage debt is actually satisfied. In the event that a judgment is recovered because of an action on the promissory note (as opposed to a foreclosure action on the mortgage) such judgment does not affect the mortgage or its lien, and does not preclude a subsequent foreclosure action. For a general discussion of the above stated principle, see 37 Am.Jur. Mortgages § 523. Moreover, in the recent case of Klondike, Inc. v. Blair, Fla.App.1968, 211 So.2d 41, the appellant had filed its complaint in the trial court to foreclose a mortgage upon which the appellee was obligated. At trial, the appellee plead that the appellant was barred because he had previously filed an action at law on the notes which were themselves secured by the mortgage, and moreover, that he had obtained a judgment in that action. The lower court granted the appellee’s motion for summary judgment. On appeal, the decision was reversed and the District Court of Appeal stated as follows:
“In this case there was no satisfaction of the judgment obtained on the note; no execution was issued and no payment thereon. Thus, the question resolves itself down to whether or not the remedies of suit on the note and foreclosure of the mortgage are consistent. If they are, plaintiff [appellant] would be barred from now seeking foreclosure of the mortgage; if they are not, then suing on the note would not be a bar to the present suit. * * * Turning now to the specific actions under consideration, the great weight of authority seems to be that the remedies available to a mortgagee, i. e., suit on the note or foreclosure of the mortgage, are not inconsistent remedies, and pursuit of one without satisfaction, is not a bar to the other.” Id. at 42-43.
It is our opinion that an endorser, as Carpenter is in the case at bar, is likewise subject to the same doctrine of law.
As a second point on appeal, the appellant contends that the court erred when it refused to admit certain evidence pertaining to the condition of the Brevard County property at the time the premises were delivered to the appellant. The gist *199 of this evidence, according to the appellant, would have shown that the premises had not been constructed in a workmanlike manner, and further, that they contained numerous latent defects which diminished the market value and rental income of the property. It was further contended by the appellant at trial that this evidence constituted sufficient proof of its affirmative defense that the delivery of the premises in the above condition actually constituted a partial failure of consideration on behalf of the appellee, and such partial failure of consideration therefore constituted a good defense to the present law suit on the note. However, it is our opinion that the trial judge acted correctly in refusing to admit evidence on this point. There is no allegation that fraud was perpetrated with regard to any representation as to quality and condition of real property when it was sold to the appellant. Without an allegation of fraud, the appellant’s theory regarding partial failure of consideration must fail. In Davis v. Dunn, Fla. 1952, 58 So.2d 539, the plaintiffs purchased the defendants’ house upon the representation by the defendants’ broker that the house was in sound condition and that a previous inspection had not revealed signs of termite damages. Payment was partially in cash and a purchase money mortgage was executed to secure the remainder of the purchase price. Several months passed, and the plaintiffs then discovered that the house was heavily infested with termites. They brought suit to rescind the sale and to cancel the mortgage, alleging fraud. The defendants counterclaimed to foreclose the mortgage. At the trial level, the circuit court found in favor of the defendants and entered a decree foreclosing the mortgage. The appeal affirmed the trial court’s action.
The record amply demonstrates that appellant Carpenter, in his capacity as President of the corporate appellant, Lisbon Holding & Investment Company, Ltd., had the opportunity and did so inspect the property before he signed the agreement of sale and purchase. This evidence would be inconsistent with any allegation of fraud since the seller had reasonable opportunity for inspection prior to purchase. See Hancoy Holding Company v. Lambright, 101 Fla. 128, 133 So. 631.
Therefore, the final judgment being appealed is hereby affirmed.