CARLTON, Justice:
Certiorari was granted in this cause on account of conflict between the decision rendered below by the District Court of Appeal, Fourth District, reported at 250 So.2d 349 (1971), and language employed by this Court in State ex rel. Teague v. Harrison, 138 Fla. 874, 190 So. 483 (1939).
In Teague, we said that an election to sue on a note at law acted as a bar to any subsequent suit for foreclosure of a mortgage standing as security for the note. In the instant case, the District Court determined on authority of its previous decision in Klondike, Inc. v. Blair, 211 So.2d 41 (4th D.C.A.Fla.1968), that Village could bring a foreclosure action on a certain mortgage, even though it had already obtained judgment on a note secured by the mortgage.
In Klondike, the District Court discussed Teague, and decided that it should not apply in an instance where a judgment proved to be worthless because the execution was returned unsatisfied. The District Court pointed out that the issue of an election of remedies was transparent and of no consequence when no real remedy resulted. We find that other District Courts are in agreement with Klondike: see Lisbon Holding & Inv. Co. v. Village Apartments, Inc., 237 So.2d 197 (3rd D.C.A.Fla.1970); Floorcraft Distributors, Inc. v. Horne-Wilson, Inc., 251 So.2d 138 (1st D.C.A.Fla.1971).
Having reexamined our position advanced in Teague, we now find ourselves in agreement with the District Court below that an unsatisfied judgment does not constitute a remedy, and does not bar a foreclosure action. It has been urged by petitioner that Fla.Stat. § 702.06, F.S.A., relating to deficiency suits arising out of foreclosures, suggests a contrary result, but this statute appears to have no application to a suit on a note brought independently of any attempt at foreclosure.
To the extent indicated above, State ex rel. Teague v. Harrison, supra, is specifically receded from; certiorari having been granted, and the decision of the District Court of Appeal, Fourth District, appearing to be without error, the writ heretofore issued is discharged.
It is so ordered.
ERVIN, Acting C. J., BOYD and DEK-LE, JJ., and DREW, J. (Retired), concur.