483 So.2d 67 (1986)
Pierre VILLENEUVE, As Trustee for Lehman Manufacturing (Canada), Ltd., and Lehman Manufacturing (Canada), Ltd., Appellants,
v.
ATLAS YACHT SALES, INC., a Florida Corporation, Ernie Tashea, Jointly and Severally, and Clarence Barbe, III, Appellees.
No. 84-2509.
District Court of Appeal of Florida, Fourth District.
February 5, 1986.
Rehearing Denied March 7, 1986.
*68 Martha A. Snedaker of Martha A. Snedaker, P.A., Fort Lauderdale, for appellants.
L. Murray Fitzhugh of L. Murray Fitzhugh, P.A., Stuart, for appellee Clarence Barbe, III.
HERSEY, Chief Judge.
This case began as an action to regain possession of a yacht. The complaint generated a counterclaim and a crossclaim. The crossclaimant recovered a final judgment (which is probably uncollectible) by virtue of a default against certain cross defendants. He subsequently was awarded a final judgment on his counterclaim as well. This latter final judgment is appealed here on the ground, inter alia, that proceeding to final judgment on the crossclaim constituted an irrevocable election of remedies precluding recovery on the counterclaim.
The facts are somewhat complex and only those deemed essential to resolution of the main issue on appeal will be recited. We utilize that version of the facts most favorable to the appellee/counterclaimant.
First, a delineation of the interested parties. Clarence Barbe, III, was the purchaser of the yacht "Helen Jane IV" and ultimately the possessor of the substitute yacht "Gypsy VI." This action was commenced by the purported owner of Gypsy to recover its possession from Barbe, whereupon Barbe filed a counterclaim and a crossclaim. Ernie Tashea was the president of Atlas Yacht Sales, Inc., a yacht brokerage company. Tashea sold Barbe the first yacht and when Barbe was deprived of its possession, delivered to Barbe the title to the second, substitute yacht. Pierre Villeneuve is the general manager and formerly was sole stockholder of Lehman Manufacturing (Canada), Ltd., a marine engine distributor and boat builder. The facts are in dispute as to the relationship of Villeneuve and Atlas, but Villeneuve was either an employee of Atlas or his corporation, Lehman, represented Atlas in Canada. In any event, there was a rather close relationship.
Next, the skeletal facts. Barbe paid Tashea $45,000 for the Helen Jane IV and spent an additional $5,000 on improvements. Tashea was unable to deliver the title certificate to Barbe, and ultimately the yacht was repossessed by the true owner, whose signature on the yacht sales contract had been forged. In order to avoid the adverse consequences of this first transaction, Tashea transferred to Barbe title to the second yacht, Gypsy VI, which had been in the name of his corporation, Atlas.
When Barbe attempted to take possession of the Gypsy VI, he was confronted by an assertion of ownership by Villeneuve who claimed to have put the title in Atlas' name only to facilitate an eventual sale. Notwithstanding, Barbe took possession of the yacht and moved it.
Villeneuve and his corporation, Lehman, commenced an action to recover the yacht. Barbe counterclaimed to retain possession and title. In addition, Barbe crossclaimed against Tashea and his corporation, Atlas, seeking, inter alia, treble damages for deprivation of his money: $45,000 to purchase the yacht and $5,000 fix-up costs.
When Tashea and Atlas failed to respond, Barbe proceeded on his crossclaim by filing a motion for entry of default judgment, alleging a violation of sections 812.014 and 812.012(2)(b), Florida Statutes, and claiming treble damages pursuant to section 812.035, Florida Statutes. Final judgment in the amount of $150,000 was *69 entered for Barbe, and he was also awarded attorney's fees.
Subsequently, after a hearing, final judgment was entered on the complaint and counterclaim awarding the yacht, Gypsy VI, to Barbe.
On appeal from this final judgment, appellants raise five issues. As to the first four of these issues, we would affirm upon a holding that the trial court's dispositions are supported by substantial competent evidence. The fifth issue is whether proceeding to final judgment on the crossclaim constituted an election of remedies barring recovery on the counterclaim.
In opposition to application of the doctrine of election Barbe argues, first, that the final judgment did no more than deny Villeneuve's claim. This is an inaccurate characterization of the judgment, which specifically declared Barbe to be the owner of the Gypsy VI.
Next, it is argued that, because judgment on the crossclaim awarded Barbe only punitive damages, he was not precluded by the doctrine of election of remedies from pursuing compensatory damages in the form of recovery of the yacht on his counterclaim.
Judgment on the crossclaim was entered pursuant to section 812.035(7), Florida Statutes, which provides that one injured by a violation of sections 812.012-.037 "shall have a cause of action for threefold the actual damages sustained and, when appropriate, punitive damages," thus indicating that the treble damage award must be based on actual damages. See also Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd., 450 So.2d 1157 (Fla. 3d DCA 1984) (section 812.035(7) provides for tripling of actual damages awarded). Thus, it is clear that at least $50,000 of the judgment on the crossclaim represented compensatory damages, so that Barbe's argument on this point is also unavailing.
The purpose of the doctrine of election of remedies is to prevent a double recovery for the same wrong. As noted by this court in Klondike, Inc. v. Blair, 211 So.2d 41 (Fla. 4th DCA 1968), a case which was approved by the supreme court in Junction Bit & Tool Co. v. Village Apartments, Inc., 262 So.2d 659 (Fla. 1972):
The doctrine of election of remedies is an application of the doctrine of estoppel on the theory that one electing should not later be permitted to avail himself of an inconsistent course. Williams v. Robineau, 1936, 124 Fla. 422, 168 So. 644. However, one is only held to have elected a remedy so as to bar other or different courses of action when the remedies are inconsistent, or if consistent, where the remedy pursued results in satisfaction of the claim. As stated in McCormick v. Bodeker, 1935, 119 Fla. 20, 160 So. 483:
"Where the remedies afforded are inconsistent it is the election of one of such remedies which operates as a bar; but where the remedies afforded are consistent it is the satisfaction of the claim which operates as a bar."
... .
The test of inconsistency is described in 25 Am.Jur.2d, Election of Remedies, § 11:
"It has been said that the so-called `inconsistency of remedies' is not in reality an inconsistency between the remedies themselves, but must be taken to mean that a certain state of facts relied on as the basis of a certain remedy is inconsistent with, and repugnant to, another certain state of facts relied on as the basis of another remedy. For one proceeding to be a bar to another for inconsistency, the remedies must proceed from opposite and irreconcilable claims of right and must be so inconsistent that a party could not logically assume to follow one without renouncing the other... ."
211 So.2d at 42-43.
Barbe recovered a final judgment for compensatory damages for loss of the purchase price of the yacht. The question is whether a claim for recovery of title to the yacht seeks a remedy which is consistent with the remedy pursued on the crossclaim *70 or whether the two are inconsistent. This distinction is crucial because the final judgment on the crossclaim has not been satisfied. If the remedies are deemed to be consistent, only satisfaction of the claim precludes resort to the alternative remedy, whereas if they are inconsistent, the event which operates as an election is entry of final judgment.
As explained in Klondike, the test of inconsistency is whether facts relied upon in obtaining the one remedy are inconsistent with those relied upon in obtaining the other. For example, if two remedies are sought, both of which recognize a breach of contract and seek redress for the breach, they are consistent. Klondike, 211 So.2d at 43.
The operative fact relied upon in obtaining the money judgment here was theft of $50,000 from Barbe. The judgment was for three times the total amount of the claim. In his counterclaim against appellants, on the other hand, Barbe relies on an inconsistent allegation, to wit: that, rather than being stolen by Tashea, the money was given to Tashea as the purchase price for a yacht, and Barbe obtained the Gypsy VI in exchange for the money Tashea received. Therefore, the remedies of a money judgment for the purchase price and an award of title to the yacht are inconsistent and would result in a double recovery. The action against appellants is thus barred by Barbe having obtained the money judgment in at least the full amount of his claim. In retrospect it is unfortunate for Barbe that he elected to proceed to judgment against Tashea and Atlas, since Tashea has disappeared apparently leaving no assets behind, but the fact remains that the choice was made.
Had Barbe not obtained a judgment on his crossclaim against Atlas and Tashea, the trial court's final judgment against Villeneuve and Lehman would be proper. However, since Barbe elected his remedy, he is barred from now seeking an additional award of the yacht and damages for the loss of its use.
Accordingly, we reverse that portion of the final judgment which awards the yacht, Gypsy VI, and loss of use damages to appellee, Barbe, as well as the orders awarding attorney's fees and costs. In all other respects we affirm.
AFFIRMED IN PART AND REVERSED IN PART.
ANSTEAD and HURLEY, JJ., concur.

On Motion for Rehearing
BY ORDER OF THE COURT:
ORDERED that the February 5, 1986 Order awarding attorney's fees to attorney for appellant is vacated.
ORDERED that the May 16, 1985 Motion for Attorney's Fees, filed by Appellants is denied.
ORDERED that Appellee, Clarence Barbe's motion for rehearing is denied.