505 So.2d 1331 (1987)
Clarence BARBE, III, Petitioner,
v.
Pierre VILLENEUVE, etc., et al., Respondents.
No. 68577.
Supreme Court of Florida.
April 16, 1987.
L. Murray Fitzhugh, P.A., Homosassa, and Larry Klein and John Beranek of Klein & Beranek, P.A., West Palm Beach, for petitioner.
*1332 Martha Snedaker-Eskuchen of the Law Offices of Martha A. Snedaker, P.A., Boca Raton, for respondents.
McDONALD, Chief Justice.
We have for review Villeneuve v. Atlas Yacht Sales, Inc., 483 So.2d 67 (Fla. 4th DCA 1986), which expressly and directly conflicts with language this Court utilized in Junction Bit & Tool Co. v. Village Apartments, Inc., 262 So.2d 659 (Fla. 1972). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. The issue in this case is whether a litigant who receives a default judgment for damages for theft of the purchase price of a yacht may subsequently obtain possession of the same vessel in a replevin action when the initial judgment remains unsatisfied. Because these two remedies necessarily arise from inconsistent factual scenarios, we hold that the entry of the default judgment precludes the inconsistent award of title to the yacht. Therefore, we approve the decision of the district court.
Clarence Barbe, III, purchased for $45,000 a yacht, the "Helen Jane IV," from Atlas Yacht Sales, Inc. (Atlas), a yacht brokerage company. Atlas failed to deliver clear title to this yacht, however, and the vessel's true owner, whose signature had been forged on the yacht sales contract, ultimately repossessed the vessel. In order to avoid a lawsuit following this repossession, Ernie Tashea, president of Atlas, transferred to Barbe title to a second yacht, the "Gypsy VI." Barbe subsequently spent $5,000 in fix-up costs on the vessel. When Barbe attempted to take possession of the Gypsy VI, however, Pierre Villeneuve claimed ownership. Villeneuve was president and sole stockholder of Lehman Manufacturing (Canada), Ltd., a marine engine distributor and boat builder. Although the facts are in dispute as to the relationship of Villeneuve and Atlas, Villeneuve apparently served as either an employee of Atlas or a representative of Atlas in Canada. Villeneuve contended that he had put the title in Atlas' name only to facilitate an eventual sale. Despite this claim, Barbe took possession of the yacht.
Villeneuve and his corporation subsequently commenced an action to recover the yacht. Barbe counterclaimed to retain possession and title. Additionally, Barbe cross-claimed, pursuant to section 812.014, Florida Statutes (1981), against Tashea and Atlas for theft of the purchase price. When Tashea failed to respond to the cross-claim, Barbe moved for a default judgment. Pursuant to section 812.035(7), Florida Statutes (1981), Barbe received final judgment for treble damages in the amount of $150,000 as well as attorney's fees in the amount of $17,500. Thereafter, Tashea apparently fled, leaving no assets behind. Barbe subsequently prevailed on the complaint and counterclaim and was awarded the Gypsy VI as well as $2,715 in loss of use damages. The parties thereafter stipulated that Villeneuve would pay $19,000 in attorney's fees to Barbe, and the trial court entered an order to that effect. On appeal the district court reversed the judgment on the complaint and counterclaim, ruling that the claim for recovery of title to the yacht was inconsistent with a money judgment for theft of the purchase price and would allow Barbe a double recovery.
Barbe contends that obtaining the treble damage award did not bar the later award of title to the Gypsy VI because the damage award is uncollectable. We cannot agree. The election of remedies doctrine is an application of the doctrine of estoppel and operates on the theory that a party electing one course of action should not later be allowed to avail himself of an incompatible course. Williams v. Robineau, 124 Fla. 422, 426, 168 So. 644, 646 (1936); Klondike, Inc. v. Blair, 211 So.2d 41, 42 (Fla. 4th DCA 1968). The purpose of the doctrine is to prevent a double recovery for the same wrong. United States v. Weiss Pollution Control Corp., 532 F.2d 1009, 1012 (5th Cir.1976); Villeneuve, 483 So.2d at 69. Under Florida law, however, the election of remedies doctrine applies only where the remedies in question are coexistent and inconsistent. Williams, 124 Fla. at 426, 168 So. at 646; McCormick v. Bodeker, 119 Fla. 20, 23, 160 So. 483, 484 (1935); American Process Co. v. Florida *1333 White Pressed Brick Co., 56 Fla. 116, 122, 47 So. 942, 944 (1908); Klondike, Inc., 211 So.2d at 42-43; Cooley v. Rahilly, 200 So.2d 258, 259 (Fla. 4th DCA), cert. denied, 207 So.2d 690 (Fla. 1967). As this Court previously stated in American Process Co.:
If the allegations of facts necessary to support one remedy are substantially inconsistent with those necessary to support the other, then the adoption of one remedy waives the right to the other. A party will not be permitted to enforce wholly inconsistent demands respecting the same right[s]. It is not permissible to both approbate and reprobate in asserting the same right in the courts... . Where the law affords several distinct, but not inconsistent, remedies for the enforcement of a right, the mere election or choice to pursue one of such remedies does not operate as a waiver of the right to pursue the other remedies. In order to operate as a waiver or estoppel, the election must be between coexistent and inconsistent remedies... . If more than one remedy exists, but they are not inconsistent, only a full satisfaction of the right asserted will estop the plaintiff from pursuing other consistent remedies. All consistent remedies may in general be pursued concurrently even to final adjudication; but the satisfaction of the claim by one remedy puts an end to the other remedies.
56 Fla. at 122-23, 47 So. at 944 (citations omitted). See Matthews v. Matthews, 133 So.2d 91, 95 (Fla. 2d DCA 1961). As the above-quoted language illustrates, for one remedy to bar another remedy on grounds of inconsistency they must proceed from opposite and irreconcilable claims of right and must be so inconsistent that a party could not logically follow one without renouncing the other. Klondike, 211 So.2d at 43 (quoting 25 Am.Jur.2d Election of Remedies § 11).
In the instant case, the final judgment for treble damages for the loss of the purchase price of the yacht was necessarily predicated upon the factual assumption that Tashea stole $50,000 from Barbe. On the other hand, the award to Barbe of title to the Gypsy VI necessarily assumed that Tashea received the purchase price in exchange for the yacht. These two scenarios are clearly irreconcilable. Thus, the election of remedies doctrine comes into play.
Barbe attempts to rely on our decision in Junction Bit & Tool Co. for the proposition that an unsatisfied judgment does not constitute a remedy and that, therefore, the uncollectable default judgment does not operate as an election barring the subsequent award of title to the Gypsy VI. In so interpreting Junction Bit & Tool Co., however, Barbe ignores the fact that the case dealt with the question of whether an election to sue on a mortgage note acted as a bar to a subsequent foreclosure action. Receding from our prior decision in State ex rel. Teague v. Harrison, 138 Fla. 874, 190 So. 483 (1939), this Court ruled in Junction Bit & Tool Co. that a prior judgment on a note does not act to bar a subsequent foreclosure action in situations where the execution of the judgment is returned unsatisfied. 262 So.2d at 660. Unlike the situation at bar, however, a suit on a note and a foreclosure action on the collateral securing that note are consistent remedies. Thus, the language Barbe relies upon from Junction Bit & Tool Co. is not applicable to situations such as the instant case in which the remedies are inconsistent. Moreover, in Junction Bit & Tool Co. this Court expressly approved the Fourth District Court of Appeal's decision in Klondike, which discussed at length the dichotomy between consistent and inconsistent remedies and made clear that once an election is made all inconsistent remedies are thereafter barred regardless of whether the initial judgment is satisfied. Id. See Klondike, 211 So.2d at 42-43.
Barbe argues that Florida law does not require a strict application of the election of remedies doctrine when the crucial facts have been established by a default against one of several parties to the same litigation. Barbe cites no authority in support of this assertion, and, again, we must disagree. An election between legally inconsistent remedies can be made at any time prior to the entry of judgment. *1334 Erwin v. Scholfield, 416 So.2d 478, 479 (Fla. 5th DCA 1982). Barbe voluntarily and intentionally sought and obtained the default judgment against Atlas and Tashea. When a party elects between two or more inconsistent courses and has knowledge of all the pertinent facts, he binds himself to the course he adopts first and cannot later withdraw from this knowing election. Myers v. Ross, 10 F. Supp. 409, 411 (S.D.Fla. 1935); Gralynn Laundry v. Virginia Bond & Mortgage Corp., 121 Fla. 312, 319, 163 So. 706, 708 (1935). Although Barbe argues that he should not be held to his election because Villeneuve has not been prejudiced, under the law it is irrelevant whether another party has acted upon the election to his detriment. A lack of prejudice does not constitute a valid ground for withdrawing the election. Myers, 10 F. Supp. at 411; Gralynn Laundry, 121 Fla. at 319, 163 So. at 708.
As his final argument, Barbe claims that, because Villeneuve did not raise the defense of election of remedies in the pleadings at trial, he could not do so later. As Villeneuve points out, however, Barbe did not win the default judgment until well after litigation proceedings had begun. Villeneuve properly raised the defense at trial once he learned that Barbe had obtained the default judgment against Tashea. Thus, we are unpersuaded that the election of remedies defense was untimely.
Accordingly, we find that the district court correctly reversed the award of the Gypsy VI, as well as the loss of use damages and attorney's fees awarded to Barbe. Therefore, we approve the opinion of the district court.
It is so ordered.
OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.