573 So.2d 887 (1990)
UNITED COMPANIES FINANCIAL CORPORATION, Appellant,
v.
Victor BERGELSON, Phyllis Bergelson, John A. Corsetti, Sheryll L. Corsetti, Arthur J. Abramowitz, As Trustee, William C. Meyer, Greater Atlantic Corporation, Joseph Di Mauro, Lawrence F. Di Mauro, Joseph F. Di Mauro, Marjorie E. Deal, Joseph C. Deal, Henrietta Friedman, First American Bank of Palm Beach County, N/K/a First American Bank and Trust, Schindall Realty, Inc. and Jessie L. Patterson D/B/a Ben Adams Realty and Richard B. Vincent, Etc., Appellees.
No. 89-2365.
District Court of Appeal of Florida, Fourth District.
December 12, 1990.
Rehearing and Rehearing Denied March 4, 1991.
*888 Dyla L. Warren and Susan Yoffee of Fleming, Haile & Shaw, P.A., North Palm Beach, for appellant.
Arthur C. Koski, Boca Raton, and Joseph F. Di Mauro, Jupiter, for appellees-Greater Atlantic Corp. and Joseph Di Mauro, Lawrence F. Di Mauro and Joseph F. Di Mauro.
Rehearing and Rehearing En Banc Denied March 4, 1991.
GARRETT, Judge.
We address the dispositive issue: Did appellees' election of remedies preclude recovery on their counterclaim? We hold that it did and reverse.
In September of 1981, after a series of complicated real estate mortgage transactions which involved most of the parties, appellees Greater Atlantic Corporation (GAC), Joseph Di Mauro, Lawrence Di Mauro and Joseph F. Di Mauro sued seeking declaratory relief and damages for the loss of real property converted by appellee Victor Bergelson and one Michael Kessler. GAC obtained a final judgment which awarded it damages for the loss of the real property. In November of 1984, after Bergelson defaulted on the mortgage on the real property, appellant United Companies Financial Corporation (United) as mortgagor brought suit to foreclose and appellees intervened to file a counterclaim. Appellees sought, among other things, to be declared the owners of the real property and have Bergelson's interest expunged. The trial court ruled in favor of appellees and against United who then appealed.
The doctrine of elections of remedies exists to prevent a party from recovering twice for the same wrong. Villeneuve v. Atlas Yacht Sales, Inc., 483 So.2d 67, 69 (Fla. 4th DCA 1986), approved, Barbe v. Villeneuve, 505 So.2d 1331 (Fla. 1987). Appellees' suit for conversion compensated them for the loss of the real property. A favorable judgment in their suit for title of the real property would amount to a double recovery.
The rule applies to bar other or different courses of action when the remedies are inconsistent. Id. (quoting Klondike, Inc. v. Blair, 211 So.2d 41, 42-43 (Fla. 4th DCA 1968). The remedies sought by appellees were inconsistent. They cannot be compensated for the loss of the real property and then later obtain the real property.
We acknowledge that real property cannot be the subject of conversion. *889 American Int'l Land Corp v. Hanna, 323 So.2d 567, 569 (Fla. 1975). Therefore, conversion was a nonexistent remedy. Ordinarily, if a plaintiff proceeds upon an nonexistent remedy, he is not precluded from resorting to another remedy. Rolf's Marina, Inc. v. Rescue Serv. & Repair, Inc., 398 So.2d 842, 843 (Fla. 3d DCA 1981) (quoting Perry v. Benson, 94 So.2d 819, 820 (Fla. 1957). However, the plaintiff's effort under the nonexistent remedy must have been aborted to pursue another remedy. Id. Sub judice, appellees' effort under the conversion remedy was not aborted since that case proceeded to judgment. Appellees obtained the remedy they sought even though it was an improper remedy.
"When a party elects between two or more inconsistent courses and has knowledge of all the pertinent facts, he binds himself to the course he adopts first and cannot later withdraw from this knowing election." Barbe v. Villeneuve, 505 So.2d 1331, 1334 (Fla. 1987). Appellees cannot now seek a different remedy.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
WALDEN and POLEN, JJ., concur.