777 So.2d 421 (2000)
Brooke D. LIDDLE and Diane Kroll Liddle, his wife, Appellants,
v.
A.F. DOZER, INC., Appellee.
No. 4D99-3454.
District Court of Appeal of Florida, Fourth District.
November 22, 2000.
Rehearing Denied March 9, 2001.
Adam G. Heffner of Schneider & Heffner, Boca Raton, for appellants.
Diane H. Tutt and Sharon C. Degnan of Diane H. Tutt, P.A., Plantation, for appellee.
PER CURIAM.
Appellants, Brooke D. Liddle and Diane Kroll Liddle (Liddles)[1] appeal a Final Judgment entered in favor of appellee, A.F. Dozer, Inc. (Dozer), for foreclosure of a mechanic's lien. We affirm the trial court's rulings concerning Dozer's entitlement to recovery, but remand to require Dozer to elect a remedy.
In two of the three counts of its Amended Complaint, Dozer sought relief against the Liddles based on foreclosure of its mechanic's lien and foreclosure of an equitable lien based on unjust enrichment. The matter was set for jury trial. After the close of all the evidence and shortly before the parties' closing arguments, the Liddles requested the court to order Dozer to elect a remedy, i.e., foreclosure of a statutory lien, pursuant to section 713, Florida Statutes (1997), or foreclosure of a mechanic's lien based on unjust enrichment. *422 The trial judge did not rule on the motion before the end of trial and entered judgment in favor of Dozer under both theories of recovery.[2]
In Goldstein v. Serio, 566 So.2d 1338, 1339 (Fla. 4th DCA 1990)(quoting Security & Inv. Corp. of the Palm Beaches v. Droege, 529 So.2d 799 (Fla. 4th DCA 1988)), we discussed application of the doctrine of election of remedies:
The doctrine of election of remedies is a technical rule of procedure or judicial administration, used by the courts to prevent double recoveries for a single wrong. Application of the doctrine can serve as an instrument of injustice when an election of a remedy turns out to be unavailable, and yet it is held to bar pursuit of another remedy. Prior to imposing the doctrine, courts should carefully consider the facts of each case. (citations omitted). If the two remedies are inconsistent or mutually exclusive, so that one implies negation of the underlying facts necessary for the other, then the mere choice of one remedy and, certainly, the pursuit of one remedy to judgment, operates as an election. [See United Companies Fin. Corp. v. Bergelson, 573 So.2d 887, 888 (Fla. 4th DCA 1990) ]. However, if the remedies are concurrent or cumulative, and logically can coexist on the same facts, the doctrine of election does not apply until the injured party has received full satisfaction for his [or her] injuries. Or, if the remedies address different and distinct rights or redress different wrongs, the doctrine of election has no application.
(Citations omitted). An election between mutually exclusive remedies can be made at any time prior to the entry of judgment. See First Nat'l Bank of Lake Park v. Gay, 694 So.2d 784 (Fla. 4th DCA 1997).
Here, Dozer sought the same relief under two mutually exclusive remedies. The trial court entered judgment in favor of Dozer on its claim to foreclose its statutory mechanic's lien and entered judgment in favor of Dozer on its claim for foreclosure on an equitable lien based on unjust enrichment for the same amount. Since Dozer proceeded under mutually exclusive remedies and the final judgment allows for double recovery under both theories, the trial court erred in not requiring an election of remedies prior to entry of the final judgment. Because Dozer is in a "win/ win" situation under either theory, we affirm Dozer's entitlement to recovery but remand for election of a remedy and entry of final judgment solely upon that remedy.
AFFIRMED and REMANDED for proceedings consistent with this opinion.
POLEN, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] At the time of trial, the Liddles had divorced and Diane Liddle was using the name Diane Kroll.
[2] The court ORDERED and ADJUDGED:

1. Final Judgment be and the same is hereby entered in favor of Plaintiff against Defendants on Plaintiff's claim to foreclose its Mechanics' Lien in the amount of $11,042.08, along with pre-judgment interest through August 10, 1999, in the amount of $2,667.02, with per diem interest accruing at a rate of $2.42. The Clerk of Court is hereby directed to release to Plaintiff the surety bond posted as security for the transfer of Plaintiff's Mechanics' Lien to the bond. Interest shall accrue on the principle amount of $11,042.08 at the statutory rate thereafter, all for which let execution issue.
2. Final Judgment is also entered in favor of Plaintiff, A.F. DOZER, INC., against Defendants, BROOKE D. LIDDLE and DIANE KROLL LIDDLE, in the amount of $11,042.08, along with pre-judgment interest through August 10, 1999, in the amount of $2,667.02 on Plaintiff's claim for unjust enrichment. Interest shall accrue on the principle amount of $11,042.08 at the statutory rate after the entry of this Judgment. All for which let execution issue.