979 So.2d 1011 (2008)
William EHRMAN, Appellant,
v.
Thomas A. MANN, Appellee.
No. 4D07-1402.
District Court of Appeal of Florida, Fourth District.
March 5, 2008.
Rehearing Denied May 19, 2008.
Peter A. Sachs, C. Wade Bowden, and Jennifer G. Ashton of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellant.
Jack J. Aiello and Meenu T. Sasser of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellee.
GROSS, J.
Appellee, Thomas Mann, was an investor in a fund managed by appellant, William Ehrman. Mann requested the return of his money, but Ehrman did not comply. Mann filed a circuit court action. The circuit court entered a final judgment in *1012 Mann's favor for $2,018,563.41. To collect the judgment, Mann filed a third-party action against Ehrman's wife and daughter seeking to set aside fraudulent conveyances.
Ehrman moved to vacate the judgment. In December 2005, while this motion was pending, Mann and Ehrman entered into a settlement agreement. This agreement was intended to resolve all claims between all parties. The settlement required Ehrman to pay Mann $725,000 in three scheduled payments. The circuit court action was stayed pending Ehrman's full payment.
Twelve days after the execution of the settlement agreement, Ehrman notified Mann that he would not perform. The same day, Mann moved to set Ehrman's motion to vacate judgment for hearing; the motion noted that Mann intended to proceed with the circuit court action "along with a cause of action against [Ehrman] for breaching the settlement agreement." The circuit court granted Ehrman's motion for relief from judgment and vacated the $2,018,563.41 judgment.
Once the court set aside the final judgment, Mann moved to enforce the December 2005 settlement agreement. After an evidentiary hearing, the circuit entered an order enforcing the settlement agreement. The judge entered a judgment for $791,640.04, which included prejudgment interest.
Ehrman argues that the doctrine of election of remedies precluded Mann from enforcing the settlement agreement; he contends that once Mann pursued the circuit court action by seeking a hearing on the motion to vacate, Mann irrevocably elected that remedy and was barred from proceeding on the settlement agreement.
The purpose of the election of remedies doctrine is to "prevent double recoveries for a single wrong." Liddle v. A.F. Dozer, Inc., 777 So.2d 421, 422 (Fla. 4th DCA 2000). The supreme court described the parameters of the doctrine in Barbe v. Villeneuve, 505 So.2d 1331, 1332-33 (Fla.1987) (internal citations omitted):
The election of remedies doctrine is an application of the doctrine of estoppel and operates on the theory that a party electing one course of action should not later be allowed to avail himself of an incompatible course. Under Florida law, however, the election of remedies doctrine applies only where the remedies in question are coexistent and inconsistent. As this Court previously stated in American Process Co. [v. Florida White Pressed Brick Co., 56 Fla. 116, 122-23, 47 So. 942, 944 (1908)]:
If the allegations of facts necessary to support one remedy are substantially inconsistent with those necessary to support the other, then the adoption of one remedy waives the right to the other. A party will not be permitted to enforce wholly inconsistent demands respecting the same right[s]. It is not permissible to both approbate and reprobate in asserting the same right in the courts. . . . Where the law affords several distinct, but not inconsistent, remedies for the enforcement of a right, the mere election or choice to pursue one of such remedies does not operate as a waiver of the right to pursue the other remedies. In order to operate as a waiver or estoppel, the election must be between coexistent and inconsistent remedies. . . . If more than one remedy exists, but they are not inconsistent, only a full satisfaction of the right asserted will estop the plaintiff from pursuing other consistent remedies. All consistent remedies may in general be pursued concurrently even to final adjudication; *1013 but the satisfaction of the claim by one remedy puts an end to the other remedies.
Barbe involved a plaintiff who pursued coexistent and inconsistent remedies. The case involved competing claims to ownership of a yacht. The plaintiff recovered a judgment against the seller for civil theft of the purchase price of the vessel. Later, against the competing owner, the plaintiff was awarded title to the yacht. The theft judgment was predicated upon the assumption that the seller stole the purchase price from the plaintiff; the award of title assumed that the seller received the purchase price in exchange for the yacht. Id. at 1333. The supreme court held that this inconsistency triggered the election of remedies doctrine, so that the final judgment on the theft precluded the plaintiff from seeking title to the boat from the competing owner. Id. at 1332-33. The two remedies in Barbe were inconsistent because the plaintiff "could not logically assume to follow one without renouncing the other." Klondike, Inc. v. Blair, 211 So.2d 41, 42 (Fla. 4th DCA 1968).
In this case, the two remedies were cumulative and not inconsistent. Mann had already obtained a final judgment. The settlement agreement provided that collection efforts on the circuit court judgment be stayed pending Ehrman's performance of the settlement agreement. Contrary to Ehrman's contention, the agreement did not "supersede" or "replace" the underlying judgment, but held it only in abeyance pending Ehrman's payment of the $725,000. The settlement agreement thus allowed Mann to pursue the judgment if Ehrman failed to perform. After the judgment was vacated, there was no legal reason that prevented Mann from seeking to enforce the settlement agreement. Nothing in the settlement agreement precluded this approach or made the enforceability of the agreement contingent on the final judgment remaining in force. Mann essentially negotiated for the option of pursuing the settlement agreement if the final judgment collapsed.
We distinguish this case from Peoples v. Florida Insurance Guaranty Ass'n, 364 So.2d 79 (Fla. 2d DCA 1978), cited by Ehrman. There the second district held that the plaintiff's act of bringing a tort suit against an insurance company and its insured "constituted a rescission" of an earlier settlement agreement. Id. at 81. Here, Mann's pursuit of the existing judgment was contemplated by the settlement agreement, so that Mann did not rescind the agreement by seeking to obtain a hearing on Ehrman's motion to vacate the judgment.
Affirmed.
WARNER and FARMER, JJ., concur.