J. K. Lawton, Hettie S. Reynolds, *et vir.*, v. Carolyn M. McIlvaine.

152 So. 179.

Division B.

Opinion Filed January 15, 1934.

*Robert Brodie* and *A. C. Brooks,* for Appellants;

*W. T. Martin,* for Appellee.

Buford, J.—In this case Hettie S. Reynolds and her husband, D. W. Reynolds, executed a mortgage to Lawton. Afterwards they executed a mortgage to Carolyn M. McIlvaine encumbering the same property but before that mortgage became effective Lawton entered into a binding stipulation that his mortgage should constitute an inferior lien to that of the McIlvaine mortgage. Later certain liens accrued against the same property and McIlvaine was required to discharge those liens to protect her mortgage. Thereupon she accepted a deed conveying the fee simple title from Mrs. Reynolds and her husband to herself, the deed containing the clause, "subject to one first mortgage, paving liens, taxes and mechanics and other liens now of record against same."

McIlvaine went into possession of the property.

Subsequent to all these transactions, Lawton filed suit to

foreclose his mortgage. McIlvaine filed answer alleging that her mortgage was a prior lien to that of the Lawton mortgage and prayed affirmative relief of foreclosure. In due course, testimony was taken and chancellor entered a decree in favor of McIlvaine as a superior lien holder and Lawton as an inferior lien holder.

The appellants contended that because of the merger of the title in McIlvaine that her mortgage was satisfied and that Lawton's mortgage became a first lien. It is the contention of the appellee that there was no merger but that the title was taken simply to protect the lien.

We think the law applicable to this case was enunciated by this Court in the case of Jackson v. Relf, *et vir.*, 26 Fla. 465, 8 Sou. 184, in which it was said:

"A merger takes place when a greater estate and a less meet in one and the same person, in one and the same right, without any intermediate estate, the lesser estate being thereby merged in the greater; but the merger is not a necessary result of the union of the two estates in the same person. The intention and interest of the party who unites the two estates in himself will determine whether or not a merger takes place.

"Where a mortgage encumbrancer becomes the owner of the legal title, or of the equity of redemption, a merger will not be held to take place if it be apparent that it was not the intention of the owner, or if in the absence of any intention, the merger would be against his manifest interest. And a purchase of the mortgaged estate at a tax sale by the mortgagee to protect the mortgage lien and save the property from being lost to him, does not effect a merger."

It appears that the chancellor resolved the facts against the contentions of the appellants and we have been shown no good and sufficient reason for overruling his conclusion.

The decree appealed from should, therefore, be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.