CARL H. FAY and BREVARD REALTY Co., a Corporation, v. F. H. LOUGEE.

153 So. 91.
Opinion Filed January 22, 1934.
Petition for Rehearing Denied March 1, 1934.

*James J. Jackson,* for Appellants;

*Fred W. Butler,* for Appellee.

PER CURIAM.—In this case there are involved two controlling questions. The first is whether or not one may in a bill of complaint combine two causes of action, one to remove a cloud on title and the other to foreclose a mortgage, the defendants and the property being identical in each cause of action.

The appellants contend that reversible error was committed by the court in denying motion to strike bill of complaint on this ground. We think that the chancellor's order denying motion to strike on this ground was warranted under the provisions of Section 31 of the 1931 Chancery Practice Act.

The other question is whether or not one who has accepted a conveyance of property in satisfaction of a mortgage debt may proceed to foreclose the mortgage against liens acquired against the property subsequent to the date of the record of the mortgage. The allegations of the bill are sufficient to warrant the court in entering the order denying motion to dismiss for the reasons stated in the opinion in the case of Lawton v. McIlvaine filed at this term of the court.

The order appealed from, therefore, should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

Davis, C. J., concurs specially.

Brown, J., not participating.

Davis, C. J. (concurring).—Lest this decision be misinterpreted as a precedent by bench and bar, I think it should be pointed out that the record herein shows that in this case the bill was brought by a mortgagee who had resorted to the practical expedient of settling his already pending foreclosure case by accepting a deed from his mortgagor. After doing so he discovered that there had been recovered against the mortgagor a judgment aparently affecting the mortgaged premises. This title clouded the legal title mortgagee thought he had acquired from the mortgagor in satisfaction of the mortgage, whereupon he renewed his foreclosure by bringing the bill in this case framed in a double aspect, that is, to have adjudicated the fact that the judgment lien was inferior to his own and that the mortgagor's deed, being in satisfaction of a lien superior to the claim of defendant as a junior incumbrancer, should accordingly be decreed superior to the junior incumbrancer's rights, unless the junior incumbrancer elected to redeem.

Properly analyzed, the bill was nothing more than a proceeding for strict foreclosure of the mortgage by the mortgagee, who already had acquired title to the mortgaged property, but had acquired it from a mortgagor whose title had become clouded by a judgment which complainant asserted was inferior to the rights he had acquired pursuant to his mortgage.