John M. Alderman, Jr., v. C. W. Whidden, *et al.*

195 So. 605
Division B
Opinion Filed April 19, 1940

*W. W. Whitehurst* and *T. Mabry Carlton,* for Appellant; *Leitner & Leitner,* for Appellees.

Per Curiam.—The record in this case discloses that Charles W. Whidden, on March 20, 1922, owned 340 acres of land situated in Hardee County, Florida, and on said date was indebted to Phil C. Parker in the sum of $3,500.00, and executed his note for said amount due one year after date thereof, and joined by his wife, secured the payment of the note by executing and delivering a mortgage on the said 340 acres of land. On October 14, 1921, Frank E. Wood Company secured a judgment against Charles W. Whidden in the sum of $472.00 and it has been made to appear that said judgment was of record in the county in

which the aforesaid land was situated on March 20, 1922, when the note and mortgage involved in this suit were given.

On December 2, 1929, the land described in the mortgage, together with other lands, was sold under a writ of execution based on the judgment of Frank E. Wood Company against Charles W. Whidden, and a sheriff's deed thereto was executed to Mack Bond and wife Clara Bond, who soon after acquiring the sheriff's deed conveyed the land embraced in the mortgage to Phil C. Parker. It is conceded by counsel that the Sheriff's deed to Mack Bond and Clara Bond conveyed title to the 340 acres of land and no question as to the legal sufficiency of the judgment or writ of execution thereon, or the proceedings to acquire title under the judgment or execution, was raised in the lower court or assigned as error. There is some evidence that Whidden was the head of a family and resided on the 340 acres of land, but the homestead claim in and to these lands has not been made an issue and these questions, not presented at this time on appeal, will not be here considered.

The record further shows that Phil C. Parker held and owned the Whidden mortgage embracing the land here involved and simultaneously obtained a title thereto at a sheriff's sale, based on the judgment and writ of execution thereon in the suit of Frank E. Wood Company v. Charles W. Whidden. The possession of the property was placed in Phil C. Parker and he treated the land as his own as against the claims of all persons whomsoever. Phil C. Parker conveyed the land and assigned the Whidden mortgage to his son, T. P. Parker. Twenty acres of the 340 acre tract was conveyed by T. P. Parker to A. G. Whidden and the mortgage was assigned to John M. Alderman, Jr.,

who brought suit to foreclose the same, making several parties defendant unnecessary to name in a decision of this case. An answer was filed and the case referred to a special master for the purpose of taking such evidence as the parties desired to offer.

The case was heard on the report of the special master by the chancellor below and a decree was entered to the effect that the title to the land and the ownership of the Whidden note and mortgage merged in Phil C. Parker. From this decree an appeal has been perfected to this Court.

It is contended first, among other things, that the Whidden mortgage was paid off and discharged by Whidden to Parker from the proceeds of the sale of citrus fruit grown on the place. There is some evidence in the record to sustain such a suggestion, but it is insufficient upon which to base a decree of payment, and the lower court was without error in so holding.

It is next contended by counsel for appellant that under the law and evidence the Chancellor erred in holding and decreeing a merger of the title and the Whidden mortgage so as to preclude the right of equity of redemption on the part of the original mortgagors or their successors in interest. The lower court held that the evidence sustained such a conclusion and on an appeal there is a presumption as to the correctness of the ruling of the lower court both in law and in equity. See Peacock v. DuBois, 90 Fla. 162, 105 So. 321; Richardson v. Varn, 80 Fla. 517, 86 So. 503.

The law seems to be well settled that a merger takes place when a greater estate and a lesser coincide and meet in one and the same person, in one and the same right, without any intermediate estate. The lesser estate is annihilated or merged in the greater. When a mortgage on land and the equity of redemption in the same lands become

united in the same person, ordinarily the mortgage is merged and the same ceases to be an incumbrance and the owner will hold the lands with an unincumbered title, if there be no other mortgage or lien. See Jackson v. Reif, 26 Fla. 465, 8 So. 184; Lawton v. McIlvaine, 113 Fla. 743, 152 So. 179; Dolan Properties, Inc., v. Vonnegut, 133 Fla. 854, 184 So. 757.

The record in this case has been carefully studied, the briefs of counsel for the respective parties have been considered, and the authorities examined, and we have concluded that there is no error in the record and the decree appealed from should be and the same is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.