PER CURIAM.
Appellants seek reversal of an interlocutory order of the circuit court which, among other things, found that plaintiff’s mortgage was superior to the mortgages of the defendants-appellants.
The main contention for reversal is that the mortgage presently held by plaintiff was extinguished prior to the assignment of such mortgage to him by reason of the fact that one previously owning the encumbered property also acquired the mortgage interests. In other words, it is appellants’ contention that there occurred a merger of the ownership of the property with the debt (the mortgage now held by the plaintiff) thereby extinguishing the debt and precluding any future right to assign the mortgage after it had been assigned to the mortgagor and owner of the property.
We find that we must reject this contention and affirm the lower court. While a merger will normally occur when a mortgage on property and the equity of redemption in such property unite in the same person, such is not always the case.
The Supreme Court of Florida, in Jackson v. Relf, 26 Fla. 465, 8 So. 184, stated, at page 185:
“When a mortgage on lands and the equity of redemption in the same lands have become united in the same person, ordinarily the mortgage is merged,— in other words, ceases to be an incum-brance, — and the owner will hold the lands with an unincumbered title, if there be no other mortgage or lien. But this is not always and necessarily the result. Whether it is or not, depends upon the intention of the person in whom the interests are united, and that intention is to be determined by his declarations at the time, or, in the absence of these, by his interest, as shown in the condition of things then existing, or by the attending circumstances. When there is no evidence of the intention of the owner in uniting the legal and equitable estates in himself, it is proper to presume that he intended that effect which is the most beneficial to him.”
See Walter J. Dolan Properties v. Vonnegut, 133 Fla. 854, 184 So. 757.
Applying the foregoing rule to the instant case, we hold that the court below was correct in finding that no merger occurred.
Appellants’ other assignments of error have been carefully reviewed and found to be without merit. It therefore follows that the interlocutory order appealed is affirmed.
Affirmed.