OWEN, Judge.
Where a tenant under a written lease is a retailer (dealer) under F.S. Chapter 212, F.S.A., and such tenant becomes delinquent in payment of rent and in remittance of sales tax to the state, what are the relative priorities of the landlord’s rent lien and the lien of the sales tax warrant recorded under F.S.1965, Section 212.15(3), F.S.A., against the tenant’s personal property on the demised premises? Asa corollary question, if the tenant abandons the demised premises leaving his entire stock of goods and the landlord claims that the title thereto has passed to him by virtue of an abandonment clause in the lease, has a “sale of business” occurred within the purview of F.S.1965, Section 212.10(1), F.S.A., so that if the requirements of that statute have not been met, the landlord may become personally liable for any delinquent sales tax owed by the tenant? These appear to be questions of first impression in this jurisdiction.
Appellant Jacobs owned a shopping center and leased a portion of it to Creighton’s Garden Restaurant, Inc. by written lease containing a provision whereby in the event the tenant defaulted in the lease payments and abandoned the premises, “ * * * trade fixtures, signs or other property * * * ” of the tenant left on the premises was to be deemed abandoned by the tenant and become the property of the landlord. On September 28, 1966, Creighton’s Restaurant (then being in arrears for five months rent in the sum of $14,560) closed its business and abandoned the premises, leaving on the premises its entire stock of merchandise. At that time Creighton’s owed to the State of Florida delinquent sales taxes accrued under F.S. Chapter 212, F.S.A., the amount of which, *797 with interest and penalties, amounted to $3,321.17. The Florida Revenue Commission caused a tax warrant in this amount to be issued and on October 31, 1966, perfected the same as a lien under the provisions of F.S. Section 212.15(3), F.SyA..
On November 15, 1966, the tenant and landlord entered into a written agreement acknowledging the tenant’s indebtedness to the landlord for rent due under the lease (and for other sums not relevant to this cause) and providing for the tenant to re-enter the premises and conduct a “distress sale” of the merchandise, the proceeds of which would be applied to the indebtedness due by the tenant to the landlord. Acting under this arrangement some $15,-000 was received by the landlord from the distress sale up until some time in December, 1966, when the Sheriff of Orange County levied on the remaining merchandise under the sales tax warrant. Appellant, Jacobs, promptly brought this action seeking a declaratory judgment that he was the owner of the stock of goods upon which the sheriffs levy had been made, free and clear of the sales tax lien, or in the alternative, that his landlord’s rent lien was superior to the sales tax lien. The sheriff was enjoined from proceeding with the sale during the pendency of the suit.
Following a non-jury trial, the court entered the order from which the appeal has been taken. The court also filed its findings of fact. The net effect of the court’s order was to require the sheriff to conduct the sale with the proceeds thereof to be applied first to satisfy the state sales tax warrant and the remainder of the proceeds applied to satisfy the balance of the tenant’s liability to the landlord.
The appellant argues that the trial court found that the tenant had abandoned the demised premises and that under the lease provisions the title to the abandoned personal property automatically passed to the landlord. On this premise, the appellant raises as the sole point on appeal the question of whether such personal property may thereafter be subjected to the lien of a state sales tax warrant when such lien has been perfected after title to such property has vested in the landlord.
Appellee takes the position that the court did not find that title to the tenant’s personal property had passed to the landlord, but only that the landlord had a statutory rent lien against such personal property. On this premise appellee submits that the only point involved is the question of whether the landlord’s lien is limited to accrued rent at the time the landlord retakes possession, or whether it extends to future rents as well.
We are of the opinion, for the reasons hereinafter set forth, that under either view taken of the court’s findings of fact, the ultimate result of the order is correct.
If the landlord did not acquire title to the property, but had only a rent lien as appellee contends, such lien would be superior in dignity to the lien of the subsequently recorded sales tax warrant.[1] A landlord who, upon breach or default of the tenant, retakes possession of the demised premises for his own use, is entitled to rent payments which are due up to the time the landlord retakes possession.[2] It follows that the landlord’s statutory lien for rent in such cases would be limited to the accrued rent at that time and would not extend to future rents. In this case the landlord having received from the “distress sale” an amount which was in excess of the rent which had'.ac-. crued up to the time the landlord retook possession, his statutory lien for rent was thus fully satisfied. Other sums due the landlord by the tenant (the amount of *798 which they had agreed upon amicably) were not within the statutory lien. The landlord’s lien having been satisfied, the lien of the sales tax warrant would have to next be satisified before the landlord would be entitled to recover the remainder due him by the tenant.
On the other hand, if the position advocated by appellant is correct, i. e., that the trial court found that title to the personal property had passed to the landlord under the abandonment clause of the lease, then we are not faced with the question of priority or extent of conflicting liens, because under the doctrine of merger any lien which the landlord held against the personal property was extinguished when he acquired title to such property.[3] Furthermore, the sales tax warrant, having become effective as a lien against property of Creighton’s restaurant at the time of recording on October 31, 1966, could not possibly attach to property the title to which had passed from Creighton’s restaurant to Jacobs on September 28, 1966, the effective date of the abandonment clause.
But, the landlord who claims the benefit of a lease provision of this type so as to acquire the stock of goods of a tenant, must likewise expect to bear the burden of such acquisition. F.S.1965, Section 212.10(1), F.S.A., makes expressed provision for liability for payment of any delinquent sales taxes when a dealer sells out his business or stock of goods. In this case the transfer of the personal property to the landlord under the lease provision was just as effective a “sale” of the tenant’s stock of goods as if the tenant had negotiated a sale of the stock of goods to a third person and thereafter paid the proceeds over to the landlord. We hold that transfer under the lease provision amounted to a sale of the tenant’s stock of goods within the contemplation of F.S. 1965, Section 212.10(1), F.S.A. Neither the tenant (as seller) nor the landlord (as purchaser) having complied with the requirements of that section, the landlord (as purchaser) became personally liable for the payment of the taxes, interest and penalties which had accrued during the former owner’s operation of its business.
While under F.S.1965, Section 212.-10(1), F.S.A., the liability of the transferee is personal, the order appealed from did not impose personal liability on the landlord, but simply ordered that from the sheriff’s sale the first proceeds would be used for satisfaction of the state sales tax warrant. Appellee did not, and appellant cannot, complain that the order failed to impose personal liability against the appellant.
We conclude that irrespective of whether the lower court found that the title to the personal property had passed to the landlord, or whether he had only a statutory lien for rent, there was no miscarriage of justice in the order which was entered and the same is affirmed.
CROSS and McCAIN, JJ., concur.

. Lovett v. Lee, 1940, 141 Fla. 395, 193 So. 538; McKesson & Robbins, Inc. v. Taft St. Shopping Center, Fla.App.1966, 184 So.2d 210; F.S.1965, Section 83.08, F.S.A.

. Wagner v. Rice, Fla.1957, 97 So.2d 267; Deringer v. Pappas, Fla.App.1964, 164 So.2d 569.

. Alderman v. Whidden, 1940, 142 Fla. 647, 195 So. 605; 52 C.J.S. Landlord and Tenant § 653.