PER CURIAM.
A taxpayer’s tangible personal property, on a portion of which the appellant held a perfected security interest, was sold at a noticed public sale, under a tax warrant for delinquent ad valorem taxes thereon, and was purchased by the appellee at such sale. Thereafter, the appellee filed this suit against the appellant to quiet his title thereto. The trial court held that the purchaser at the sale under the tax warrant took free of the encumbrance, and entered judgment quieting title.
On this appeal therefrom the appellant contends that if given such application and effect the statute (§ 200.02 Fla.Stat., *424 F.S.A.)[1] violates the due process clauses of the federal and state constitutions for failure to make provision whereby one having a perfected security interest on part of the tangible personal property of a taxpayer can legally require apportionment of the total tax to the part so encumbered, in order that the lienholder may redeem that part of the property from the tax, rather than be required to pay or redeem the tax on all of the tangible personal property owned by the taxpayer, in order to protect the security.
The trial court’s judgment correctly applied the cited statute. The omission in the statute to which the appellant refers, in our opinion is not such as to affect its validity. The statutory provision that the lien for taxes shall be superior to other liens, appears necessary for the effective administration of the taxation. Because of the many and varied items of personal property of a taxpayer which may be covered by the ad valorem tax assessment thereon, it would be impracticable for a tax assessor to make and record separate valuations for tax purposes on each of the items of personal property owned by the taxpayer.
A holder of a security interest on the tangible personal property of a taxpayer, or on a portion thereof, is not without due process, in that he is entitled to reimbursement for reasonable expenditures incurred to protect his security. An amount necessarily expended by such a holder of a perfected security interest on personal property, in payment or redemption of taxes to protect his security interest from loss which would result from a delinquent tax sale, is recoverable as an addition to the indebtedness covered by the security interest involved, or by separate action against the owner-taxpayer. See 29 Fla.Jur., Secured Transactions, § 129. Compare § 702.05 Fla.Stat., F.S.A., and 22 Fla.Jur. Mortgages, §§ 199 and 202.
Moreover, it was disclosed that by a practice employed by the county taxing officials, apportionment of the taxes to the personal property which is subject to a perfected security interest may be obtained, on timely application therefor by a lienholder, but that no such application was made in this instance.
Affirmed.

. Section 200.02 Fla.Stat., F.S.A. makes tangible personal property taxes a lien “on all of the personal property of the taxpayer in the county in which they are assessed from January 1 for which year the property is liable to assessment.” That section further provides that the lien of such taxes shall be “superior to all other liens, except liens for other taxes, state, county and municipal.”