251 So.2d 138 (1971)
FLOORCRAFT DISTRIBUTORS, INC., Appellant,
v.
HORNE-WILSON, INC., Appellee.
No. O-206.
District Court of Appeal of Florida, First District.
August 10, 1971.
Madigan, Parker, Gatlin & Swedmark, Tallahassee, for appellant.
Cotton, Shivers, Gwynn & Daniel, Tallahassee, for appellee.
CARROLL, DONALD K., Judge.
The plaintiff in an action to cancel a mortgage has appealed from a final judgment entered by the Circuit Court for Leon County dismissing the plaintiff's complaint and cancelling another mortgage in accordance with the defendant's counterclaim.
The questions presented for our determination in this appeal are: first, whether *139 the Circuit Court erred in denying the cancellation of the mortgage as sought in the complaint, and holding that there was no election of remedies; and, secondly, whether the court erred in granting the cancellation of the other mortgage, as sought in the defendant's counterclaim and holding that a merger occurred.
The evidence adduced by the parties at the final hearing established the following facts:
On August 13, 1964, Euzema Smith and Irene Smith, his wife, hereinafter referred to as the Smiths, executed a personal guaranty to the defendant relative to Mr. Smith's business, a cooling and heating company. On August 31, 1965, the plaintiff deeded Lot 5 in a certain subdivision in Leon County to the Smiths, which deed was recorded in the public records of the said county on December 30, 1965. Also, on August 31, 1965, the Smiths executed a promissory note and purchase money mortgage to the plaintiff on the said Lot 5. This mortgage was recorded on December 30, 1965, in the said public records. On April 5, 1966, the Smiths executed a promissory note and mortgage on Lot 5 to the defendant. This mortgage was recorded in the said public records on April 5, 1966. On November 1, 1966, the Smiths deeded Lot 5 to the plaintiff in lieu of foreclosure, which deed was recorded in the said public records on November 18, 1966.
On December 16, 1966, the defendant filed an action in the said county against the Smiths on their above-mentioned personal guaranty (the debt also being the basis of the note and mortgage dated April 5, 1966). A final judgment was entered in this action in 1967.
In support of the plaintiff's contention in this appeal that there was an election of remedies when the defendant sued on the above personal guaranty, the plaintiff relies most heavily upon the opinion of the Supreme Court of Florida in State ex rel. Teague v. Harrison, 138 Fla. 874, 190 So. 483 (1939), in which that court said:
"If the notes as secured had been relied on for recovery, and suit to foreclose had been brought, this contention would be true but here the plaintiff abandoned his security, as he had a right to do, and elected to sue at law on the open notes. He had a right to pursue either of these courses but when he elects to follow one, he is barred from the other. When he abandoned his security, he instituted a common law action. The notes were in legal effect unsecured and were covered by the act as here quoted."
In its appellant brief the defendant relies upon the later decision of the District Court of Appeal, Fourth District of Florida, in Klondike, Inc. v. Blair, 211 So.2d 41 (Fla. App., 1968), in which our sister court distinguished the decision in the Harrison case. In Klondike the trial court had held that, as a result of the plaintiff's action in filing a suit on the note, the plaintiff had abandoned its security and could not now foreclose the mortgage, citing as authority therefor the Harrison case. This holding was reversed by the District Court of Appeal, which said:
"The trial judge relied upon State ex rel. Teague v. Harrison, supra, as authority for the position that the prior judgment on the note was a bar to the present suit to foreclose the mortgage. The language used by the court in the Harrison case does appear to support that conclusion. However, the question before the court in Harrison was one of venue. The question now under consideration was not presented there.
"In view of the foregoing, it was error for the trial court to hold that the prior suit on the note without satisfaction or payment thereof constituted an election of remedies and a bar to the present action. Accordingly, the trial court's action in granting the defendants' motion for summary decree dismissing the cause is reversed."
In like vein the District Court of Appeal, Third District of Florida, said in the later *140 case of Lisbon Holding and Investment Co., Ltd. v. Village Apartments, Inc., 237 So.2d 197 (Fla.App., 1970):
"It is uniformly held that a mortgage lien is not extinguished until the mortgage debt is actually satisfied. In the event that a judgment is recovered because of an action on the promissory note (as opposed to a foreclosure action on the mortgage) such judgment does not affect the mortgage or its lien, and does not preclude a subsequent foreclosure action. For a general discussion of the above stated principle, see 37 Am.Jur. Mortgages § 523. Moreover, in the recent case of Klondike, Inc. v. Blair, Fla.App. 1968, 211 So.2d 41, the appellant had filed its complaint in the trial court to foreclose a mortgage upon which the appellee was obligated. At trial, the appellee plead that the appellant was barred because he had previously filed an action at law on the notes which were themselves secured by the mortgage, and moreover, that he had obtained a judgment in that action. The lower court granted the appellee's motion for summary judgment. On appeal, the decision was reversed and the District Court of Appeal stated as follows:
"`In this case there was no satisfaction of the judgment obtained on the note; no execution was issued and no payment thereon. Thus, the question resolves itself down to whether or not the remedies of suit on the note and foreclosure of the mortgage are consistent. If they are, plaintiff [appellant] would be barred from now seeking foreclosure of the mortgage; if they are not, then suing on the note would not be a bar to the present suit. * * * Turning now to the specific actions under consideration, the great weight of authority seems to be that the remedies available to a mortgagee, i.e., suit on the note or foreclosure of the mortgage, are not inconsistent remedies, and pursuit of one without satisfaction, is not a bar to the other.' Id. at 42-43."
After considering the above Harrison, Klondike, and Lisbon decisions in some depth, we have reached the conclusion that our sister courts in Klondike and Lisbon correctly stated the law in Florida as to the election of remedies. In this consideration we have recognized that we are bound by our Supreme Court's adjudications, but not necessarily by its obiter dicta, in which category we think the above-quoted statement from the Harrison case must be placed.
In the case at bar, while the defendant obtained a final judgment in its action against the Smiths on their personal guaranty, the evidence before the Court reveals that the Smiths made no payments on their indebtedness to the defendant. This situation brings into play the uniform rule, as recognized in the Lisbon case, that a mortgage lien is not extinguished until the mortgage debt is satisfied. Since there has been no payment on the said obligation, there has been no election of remedies and the defendant is not precluded from a subsequent foreclosure action.
As mentioned early in this opinion, the second question before us is whether the court erred in granting cancellation of the mortgage given by the Smiths to the plaintiff and holding that a merger took place.
In holding that, under the evidence and pleadings, a merger occurred when the Smiths deeded back the property to the plaintiff, the Court applied the general rule recognized by the Florida Supreme Court in Alderman v. Whidden, 142 Fla. 647, 195 So. 605 (1940), which rule reads:
"When a mortgage on land and the equity of redemption in the same lands become united in the same person, ordinarily the mortgage is merged and the same ceases to be an incumbrance and the owner will hold the lands with an unincumbered title, if there be no other mortgage or lien."
In the present case the court held that this case "classically fit the general rule" and *141 that the Smiths' mortgage ceased to be an incumbrance when the property was reconveyed by the Smiths to the plaintiff.
For the foregoing reasons the final judgment appealed from herein should be and it is
Affirmed.
SPECTOR, C.J., and WIGGINTON, J., concur.