348 So.2d 1218 (1977)
Constance GOURLEY, Individually, and Kevin Valencourt, a Minor, by and through His Next Friend and Natural Guardian, Constance Gourley, Appellants,
v.
Kermit WOLLAM and Lydia L. Wollam, His Wife, Appellees.
No. 76-2590.
District Court of Appeal of Florida, Fourth District.
July 26, 1977.
*1219 Edward J. Richardson, Saxon & Richardson, Melbourne, for appellants.
Truman G. Scarborough, Jr., Titusville, for appellees.
DOWNEY, Judge.
In 1972 Kermit and Lydia Wollam (the appellees) sold a parcel of real property in Brevard County to Donald Budnick and took back a purchase money first mortgage. On August 27, 1975, Constance Gourley and Kevin Valencourt (the appellants) obtained a money judgment against Budnick. That judgment was recorded in Brevard County on August 28, 1975. On October 29, 1975, Budnick, being in default on the Wollam mortgage, conveyed the encumbered property back to the Wollams by quit claim deed. On January 29, 1976, the property was sold pursuant to a writ of execution upon the appellants' judgment and appellants were the purchasers at the sale.
In May 1976 appellees instituted this suit to foreclose the Budnick mortgage naming Budnick (who is not involved in this appeal) and the appellants as defendants. Appellants filed affirmative defenses and a counterclaim. In sum, the appellants' pleading asserted that there had been a merger of the equitable and legal title when the Wollams recorded the quit claim deed from Budnick and thus appellants' judgment was a first lien upon the real property in question. The counterclaim prayed for cancellation of the Wollam mortgage because of the merger. Pursuant to a motion by the appellees the trial court entered an order that (a) dismissed the counterclaim with prejudice and (b) struck the affirmative defenses with prejudice. That order is the subject of this appeal. For the reasons which follow we hold that the order was erroneous.
Appellants' affirmative defenses recited the entry of the judgment for appellants and the subsequent transfer of the quit claim deed from Budnick to the Wollams. Another affirmative defense alleged:
"That the Plaintiffs accepted said Quit Claim Deed as a full and complete satisfaction of the debt owed under said note and mortgage; that the Plaintiffs intended that such Quit Claim Deed would vest legal title to the real property in them and that no further action under the note and mortgage would be taken against DONALD W. BUDNICK: ... that such actions on the part of the Plaintiffs resulted in a merger of the title and equity of redemption with the first mortgage as an encumbrance against the lands described in the Complaint."
The counterclaim reasserted the pertinent allegations of the affirmative defenses.
In support of their argument for reversal, the appellants contend they alleged there was a merger of the legal and equitable title in the appellees by virtue of the Budnick quit claim deed and that the effect of *1220 such merger was to elevate appellants' judgment to a first lien status. Appellees on the other hand argue that a merger does not necessarily follow from appellants' allegations since two presumptions arise if appellants' allegations are regarded as true. The first presumption is that appellees intended a merger only if it benefited them. The second is that a merger does not occur if there is an intervening judgment lien. Appellees contend that, since the allegations of appellants' affirmative defenses and counterclaim do not rebut these presumptions, the order dismissing those pleadings with prejudice was correct.
The rule in Florida and most other jurisdictions seems to be that a transfer of the interest of a mortgagor in mortgaged property to a mortgagee generally operates as a merger of the legal and equitable estates which results in a discharge of the mortgage and a satisfaction of the debt. 22 Fla.Jur., Mortgages, § 534; 55 Am.Jur.2d, Mortgages, § 1256. However, the joinder of both legal and equitable title in one person does not always have that result. The intention of the party who unites the two estates in himself is determinative of whether a merger results or not. Jackson v. Relf, 26 Fla. 465, 8 So. 184 (1890); Lawton v. McIlvaine, 113 Fla. 743, 152 So. 179 (1934); Fay v. Lougee, 113 Fla. 784, 153 So. 91 (1934); Friedman v. Pohnl, 143 So.2d 690 (Fla. 3d DCA 1962); 22 Fla.Jur., Mortgages, § 535. As the Supreme Court of Florida stated in Relf:
"When a mortgage on lands and the equity of redemption in the same lands have become united in the same person, ordinarily the mortgage is merged,  in other words, ceases to be an incumbrance,  and the owner will hold the lands with an unincumbered title, if there be no other mortgage or lien. But this is not always and necessarily the result. Whether it is or not, depends upon the intention of the person in whom the interests are united, and that intention is to be determined by his declarations at the time, or, in the absence of these, by his interest, as shown in the condition of things then existing, or by the attending circumstances. When there is no evidence of the intention of the owner in uniting the legal and equitable estates in himself, it is proper to presume that he intended that effect which is the most beneficial to him." 8 So. at 185.
Since the operative factor seems to be the intention of the mortgagee in accepting a deed from the mortgagor, it is a question of fact as to what the Wollams intended when they accepted Budnick's quit claim deed. Appellants' allegations here are that the Wollams accepted the deed as a full and complete satisfaction of the debt owed under the note and mortgage; that no further action would be taken on the note and mortgage; and that such action resulted in a merger of the two estates thereby extinguishing the Wollams' mortgage.
Unquestionably at trial appellants will have the burden of proving appellees intended a merger resulting in appellants' judgment being a first lien on their property. All the presumptions are against such a result. But this is a fact question and for ought we know appellants may be able to prove that was appellees' intention at the time.
While not necessarily models, appellants' pleadings contain sufficient allegations to put appellees on notice of their claim. Therefore the affirmative defenses and counterclaim should not have been dismissed.
Accordingly, the order appealed from is reversed and the cause is remanded with directions to reinstate the affirmative defenses and counterclaim.
REVERSED AND REMANDED, with directions.
ANSTEAD and LETTS, JJ., concur.