366 So.2d 131 (1979)
GENERAL MOTORS ACCEPTANCE CORPORATION, a New York Corporation Authorized to Do Business in the State of Florida, Appellant,
v.
TOM NORTON MOTOR CO. et al., Appellee.
No. 77-776.
District Court of Appeal of Florida, Fourth District.
January 10, 1979.
*132 Joel T. Daves, III, of Burdick & Daves and James Nemec, West Palm Beach, for appellant.
Gary L. Vonhof of Johnson, Ackerman & Bakst, P.A., West Palm Beach, for appellee.
LETTS, Judge.
In this case the trial court held that a tax warrant issued for unpaid Florida sales taxes took precedence over a previous chattel mortgage and security interest perfected and recorded, before the sales taxes ever became due, under the Uniform Commercial Code. We reverse.
Without belaboring the facts, in 1971 General Motors Acceptance Corporation properly filed and recorded a U.C.C. Financing Statement and later a chattel mortgage on the personal property of the Tom Norton Motor Co. Thereafter, in 1974, sales taxes remained unpaid and a warrant thereon was issued, followed by a Sheriff's Sale and a decision by the lower court that the State Department of Revenue's lien was superior to General Motors Acceptance Corporation's notwithstanding the fact that the latter's lien was established long before. This conclusion was based on the following:
This superiority is established by the Statutes of the State of Florida beginning with § 197.056(1) which states: All taxes imposed pursuant to the constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed... .
This was error because, although we concede that Chapter 197 does not specifically say so, we hold that it is obviously intended to apply to ad valorem taxes on real and personal property and not to sales taxes which latter are covered by Section 212.15. This latter section states in pertinent part:
(3) All taxes collected under this chapter shall be remitted to the department. The department is empowered, and it shall be its duty, when any tax becomes delinquent or is otherwise in jeopardy under this chapter, to issue a warrant for the full amount of the tax due or estimated to be due, with the interest, penalties and cost of collection, directed to all and singular the sheriffs of the state, and mail the warrant to the clerk of the circuit court of the county where any property of the taxpayer is located. UPON RECEIPT OF THE WARRANT, THE CLERK OF THE CIRCUIT COURT SHALL RECORD IT, AND THEREUPON THE AMOUNT OF THE WARRANT SHALL BECOME A LIEN ON ANY REAL OR PERSONAL PROPERTY OF THE TAXPAYER IN THE SAME MANNER AS A RECORDED JUDGMENT. (emphasis supplied).
It is clear from the words emphasized above that no lien attaches for sales taxes until the warrant is recorded. This very court has so stated. See Jacobs v. Kirk, 223 So.2d 795 (Fla. 4th DCA 1969). Accordingly, General Motors Acceptance Corporation has a superior lien.
The appellee relies on Coin Machine Acceptance Corporation v. Morgenstern, 232 So.2d 423 *133 (Fla. 3d DCA 1970), however, that case involved ad valorem taxes and is therefore inapplicable in this instance.
REVERSED AND REMANDED WITH INSTRUCTIONS TO VACATE FINAL JUDGMENT AND PROCEED IN ACCORDANCE HEREWITH.
DOWNEY, C.J., and MOORE, J., concur.