Mr. Randy Miller Executive Director Department of Revenue Carlton Building Tallahassee, Florida 32301
Dear Mr. Miller:
You have requested my opinion on whether the Department of Revenue is authorized to assign its rights under a recorded tax warrant in the following situations:
 1. UPON OPENING A BUSINESS, A TAXPAYER HAS POSTED A BOND WITH THE DEPARTMENT OF REVENUE PURSUANT TO CHAPTER 212, F.S. WHILE IN BUSINESS, A TAX LIABILITY ARISES BUT IS NOT PAID. SUBSEQUENTLY A TAX WARRANT IS ISSUED BY THE DEPARTMENT AND IS RECORDED. THE BONDING COMPANY PAYS OFF THE LIABILITY AS REQUIRED UNDER THE BOND. THE BONDING COMPANY THEN REQUESTS THE DEPARTMENT TO ISSUE AN ASSIGNMENT OF THE TAX WARRANT TO IT IN ORDER THAT IT MAY PROCEED AGAINST THE TAXPAYER.
 2. UNDER s 212.10(1), F.S., WHEN A DEALER SELLS A BUSINESS OR STOCK OF GOODS, HE IS REQUIRED TO MAKE A FINAL RETURN AND PAYMENT OF TAX WITHIN 15 DAYS AFTER THE DATE OF SELLING THE BUSINESS. HIS SUCCESSOR OR ASSIGNS ARE REQUIRED TO WITHHOLD A SUFFICIENT PORTION OF THE PURCHASE MONEY TO COVER SAID TAXES, INTEREST OR PENALTIES. THE LAST SENTENCE OF THE STATUTE PROVIDES:
 `If the purchasers of a business or stock of goods shall fail to withhold a sufficient amount of the purchase money as above provided, he shall be personally liable for the payment of the taxes, interest, and penalties accruing and unpaid on account of the operation of the business by any former owner, owners, or assigns.'
ASSUMING THAT THE DEPARTMENT HAS FILED A TAX WARRANT AGAINST THE SELLER, PURSUANT TO THIS STATUTE, IF THE DEALER-SELLER WILL NOT PAY THE TAXES DUE, THE PURCHASER WILL BE REQUIRED TO PAY THE TAX, PENALTY AND INTEREST UNDER THE WARRANT. THE PURCHASER MAY THEN REQUEST AN ASSIGNMENT OF THE RIGHTS OF THE DEPARTMENT UNDER THE WARRANT.
Your question is answered in the affirmative as to both of the situations described above.
As noted in your letter of request, s 212.14(7), F.S., provides that:
The department or any person authorized by it in writing is authorized to make and sign assessments, tax warrants, assignments of tax warrants and satisfaction of tax warrants. (e.s.)
These provisions of s 212.14(7) are plain and unambiguous and evidence a clear legislative intent to provide the Department of Revenue with the express statutory authority to assign tax warrants. In rendering this opinion, I must presume that the above-cited provisions of s 212.14(7) are constitutionally valid and must be given effect until they are judicially declared invalid. See AGO 080-32, and cases cited therein.
In addition, s 212.15(4), F.S., provides in pertinent part as follows:
 (4) All taxes collected under this chapter shall be remitted to the department. In addition to criminal sanctions, the department is empowered, and it shall be its duty, when any tax becomes delinquent or is otherwise in jeopardy under this chapter, to issue a warrant for the full amount of the tax due or estimated to be due, with the interest, penalties and cost of collection, directed to all and singular the sheriffs of the state, and mail the warrant to the clerk of the circuit court of the county where any property of the taxpayer is located. Upon receipt of the warrant, the clerk of the circuit court shall record it, and thereupon the amount of the warrant shall become a lien on any real or personal property of the taxpayer in the same manner as a recorded judgment. (e.s.)
These provisions of s 212.15(4), are likewise unambiguous and express a clear legislative intent to treat recorded tax warrants in the same manner as recorded judgments with respect to their status as a lien on property of the taxpayer. Compare, General Motors Acceptance Corp. v. Tom Norton Motor Co., 366 So.2d 131 (4 D.C.A. Fla., 1979), in which the Fourth District Court of Appeal, citing the above-underlined portion of s 212.15(4), held that no lien attaches for sales taxes until the warrant is recorded and, therefore, the tax warrant was inferior to an earlier lien of the recorded chattel mortgage. Also, it is a general rule of law that the common-law prohibition against assigning choses in action has been largely abrogated by statutory law (except as to contracts for personal services or actions for tort), and that assignments of judgments and decrees enjoy statutory and judicial recognition. See, 32 Fla.Jur.2d Judgment and Decrees, at s 72; and s 28.222(3)(c), F.S.
 Furthermore, s 55.13, F.S., expressly provides that any person paying money as surety for a principal on any bond or note which has proceeded to judgment has the same right to control and collection of the judgment as the creditor would have had if the debt had not been paid. See also, s 46.041(3), F.S., providing that when a judgment is paid by a defendant who is liable only as an endorser, surety, guarantor, or otherwise secondarily liable, then such defendant is entitled to all the rights and remedies of the original plaintiff to enforce collection from the other defendants who are liable.
In summary, a plain reading of the language of s 212.14(7), F.S., evidences a clear legislative intent to expressly authorize the Department of Revenue to make assignments of tax warrants. This clear legislative intent is additionally supported when said provisions of s 212.14(7) are read in pari materia with the related provisions of s 212.15(4) giving a recorded tax warrant the force and effect of a recorded judgment for lien purposes.
Sincerely,
Jim Smith, Attorney General
Prepared by: J. Terrell Williams, Assistant Attorney General