LEHAN, Judge.
The Florida Department of Revenue appeals from a summary judgment in this declaratory judgment suit. The judgment declared that the state’s interest in the assets of a defunct corporation is inferior to that of appellee, Fleet Finance & Mortgage Company, Inc., the assignee of a mortgage on those assets. We affirm.
The state claims its interest by reason of sales taxes collected by the corporation but not paid to the state before the time the mortgage was given to Fleet’s predecessor in interest. There was no showing that any of the sales tax receipts could be traced to funds remaining in the corporation. The remaining assets of that corporation appear to consist principally of real estate and contract rights.
It is undisputed that Fleet’s mortgage was recorded well prior to the recordation of the state’s tax warrant issued by reason of those unpaid sales taxes. “Sales taxes do not become a lien against real or personal property until a tax warrant is recorded and they become a lien on the property of the delinquent taxpayer ‘in the same manner as a recorded judgment.’ ... As such, sales tax liens are governed by the ‘first in time, first in line’ principle.” American Bank of Merritt Island v. Con’s Cycle Center, Inc., 466 So.2d 255, 256 (Fla. 5th DCA 1985). See also General Motors Acceptance Corp. v. Tom Norton Motor Co., 366 So.2d 131 (Fla. 4th DCA 1979).
We do not subscribe to the state’s innovative arguments which appear essentially to be attempts to avoid the effect of Con’s Cycle Center, Tom Norton Motor Co., and the wording of section 212.15(4), Florida Statutes (1984), and its predecessors upon which those cases rely. The substance of the arguments would, we believe, more appropriately be addressed to the Legisla *34 ture. That statute specifically provides that delinquent sales taxes become a lien upon the recordation of a tax warrant for the amount of those taxes.
Affirmed.
CAMPBELL, A.C.J., and SANDERLIN, J., concur.