William Gordon TAMBLYN,
Plaintiff–Appellant,

v.

RIVER BEND MARINE, INC.,
Defendant–Appellee.

No. 86–6049

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 11, 1988.

Edward R. Fink, Ft. Lauderdale, Fla., for plaintiff-appellant.

Arthur M. Wolff, Ft. Lauderdale, Fla., for defendant-appellee.

Before FAY, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff has appealed the dismissal of his claim by the district court. Because we agree that the district court had no jurisdiction over the case, we affirm.

There is no dispute over the facts of this case. Appellee River Bend Marine, Inc. ("River Bend") held a maritime lien on a boat, the COMADRE. River Bend executed its lien through a proceeding in federal district court. Throughout the proceedings, River Bend strictly complied with the provisions of Supplemental Rule C of the Federal Rules of Civil Procedure, which govern admiralty actions. Specifically, it gave the notice by publication demanded in the statute and took the additional step of sending a copy of the notice to the owner of the boat, Jerry Allen Turner. Pursuant to this proceeding, River Bend purchased the COMADRE.

Appellant William Tamblyn also held an interest in the COMADRE. Tamblyn had sold the boat to Turner and obtained a chattel mortgage on the boat. Subsequently, Turner defaulted on his payments.

Tamblyn reduced his claim to a judgment in a state court proceeding. He was unable to levy this judgment on the COMADRE, however, because it had already been sold in the admiralty action. Tamblyn, therefore, moved to have the admiralty judgment and sale set aside. The district court dismissed the case, stating that it had no jurisdiction to hear the case. Tamblyn appealed to this court.

The district court found that when Tamblyn reduced his claim to a money judgment, his mortgage merged into the judgment and he became an unsecured creditor. We disagree. "The doctrine of merger operates to extinguish a *cause of action* on which a judgment is based...." *Sunshine Utilities Equipment, Inc. v. Treasure Coast Utilities, Inc.*, 421 So.2d 1096, 1097 (Fla. 4th DCA 1982) (emphasis added). It does not operate to extinguish a *mortgage* when the judgment is not satisfied. *See Barbe v. Villenueve*, 505 So.2d 1331, 1333 (Fla.1987) (dicta); *Floorcraft Distributors, Inc. v. Horne–Wilson, Inc.*, 251 So.2d 138, 140 (Fla. 1st DCA App.1971). Because Tamblyn's judgment remains unsatisfied, he did not lose his mortgage, and we cannot affirm the dismissal on this ground.

We do agree with the remainder of the district court's opinion, however, and affirm on those grounds. The execution of a maritime lien extinguishes all other liens on a ship regardless of whether the other lienholders had actual notice of the admiralty proceedings. *See Atlantic Ship Supply, Inc. v. M/V Lucy*, 392 F.Supp. 179, 181–82 (M.D.Fla.1975), *aff'd*, 553 F.2d 1009 (5th Cir.1977) (per curiam); G. Gilmore & C. Black, Jr., The Law of Admiralty § 9–2 at 588 (2d ed. 1981). Here, the lien was properly executed; consequently, Tamblyn has lost his interest in the Comadre.

We sympathize with appellant, a Canadian citizen who did not read the Florida paper that published the notice. Nevertheless, we cannot find any grounds for setting aside the admiralty proceedings. The law clearly provides that "the plaintiff [in an admiralty proceeding in which the plaintiff does not release the property at issue within ten days] shall cause public notice of the action to be given in a newspaper of general circulation in the district...." Fed.R.Civ.P. C(4). This is the only notice required in the statute. Tamblyn, then, received all the notice due to him by law.[1]

Finally, we note that Tamblyn has alleged that River Bend engaged in fraudulent conduct. If this were true, then the district court *would* have grounds to set aside the judgment. Tamblyn, however, sets forth no facts that support his contention. He states that River Bend knew he had an interest in the COMADRE and yet failed to notify him of the proceedings. Again, we reiterate that River Bend complied with the statute. It was under no obligation to give special notice of the admiralty proceedings to Tamblyn. Therefore, appellant has raised no issue regarding fraud.

For all of these reasons, we AFFIRM the dismissal of this case.

---

1. This procedure is sufficient because " 'the fact of seizure of a vessel alone will result in prompt, actual notice to all interested parties, without the necessity of formal personal notice,' " *United States v. Steel Tank Barge H 1651*, 272 F.Supp. 658, 660 (E.D.La.1967) (*quoting New v. Yacht Relaxin*, 212 F.Supp. 703, 704 (S.D.Cal.1962)). The publication requirement simply supplements this notice. Those with any interest in a ship, then, have a duty to stay aware of the events affecting that vessel. This removes from the plaintiff in an admiralty action the cumbersome burden of attempting to locate and notify all those in the world who have any interest in the boat that is the object of the action. *See Steel Tank Barge H 165*, 272 F.Supp. at 660.