546 So.2d 785 (1989)
JANUS PROPERTIES, INC., Appellant,
v.
FIRST FLORIDA BANK, N.A., a National Banking Association, Appellee.
No. 88-00622.
District Court of Appeal of Florida, Second District.
July 21, 1989.
Samuel R. Mandelbaum and Robert J. Scanlan of Smith & Williams, P.A., Tampa, for appellant.
Ted R. Manry and Robert G. Cochran of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
SCHEB, Acting Chief Judge.
Appellant, Janus Properties, Inc., challenges a final summary judgment entered in favor of Appellee, First Florida Bank. We reverse. In this appeal, we consider some of the legal ramifications of a deviation from standard foreclosure procedures.
In January 1986, Frank and Nancy Ragano executed a $393,000 mortgage on their condominium unit in favor of First Florida. On the same day, Mrs. Ragano executed a second mortgage of $10,500 in favor of Janus Properties. Both mortgages were recorded five days later, with the First Florida mortgage being recorded one minute before the Janus mortgage, thereby giving First Florida's mortgage priority.
Several months later, the Raganos defaulted on both mortgages, and in July, the Internal Revenue Service filed a tax lien against the property. Thereafter, in September 1986, First Florida filed a foreclosure suit in state court against the Raganos, Janus, and the United States. Janus answered and crossclaimed against the Raganos for foreclosure of its mortgage.
The United States successfully petitioned to have the matter removed to federal court. While the federal action was pending, First Florida, the Raganos, and the United States reached a settlement. Pursuant to the settlement agreement, First Florida deposited funds in a federal registry, and the government extinguished its tax lien. Also in accordance with the agreement, the Raganos conveyed the property to First Florida by warranty deed in lieu of foreclosure, in return for which First Florida executed and recorded a satisfaction of its mortgage. The discord between Janus and First Florida, which has festered this appeal, may have resulted from the fact that Janus was not a party to this settlement.
In October 1987, First Florida filed an amended complaint in the original state court action, seeking to foreclose on the property despite the warranty deed and the satisfaction of mortgage. First Florida claimed that the warranty deed did not merge the $393,000 mortgage into the title of the property and that therefore its mortgage was not cancelled. Janus argued that such a merger was intended and thus Janus' mortgage had been elevated to the status of a first priority lien.
Both parties filed motions for summary judgment. The trial court granted First Florida's motion, holding that Janus had not affirmatively shown that First Florida intended there to be a merger of the mortgage *786 and the title. On appeal, Janus argues that the trial court erred in finding that First Florida acquired free and clear title since Janus' mortgage became a first-priority lien once First Florida's mortgage was cancelled. We agree.
We are persuaded that by accepting the warranty deed from the Raganos and by executing and recording a satisfaction of mortgage, First Florida merged its equitable interest as mortgagee into its new legal interest as owner of the property. See Floorcraft Distributors, Inc. v. Horne-Wilson, Inc., 251 So.2d 138 (Fla. 1st DCA 1971). As a result, First Florida's mortgage was cancelled and Janus' second-priority mortgage was automatically elevated to the status of the first lien on the property. See Alderman v. Whidden, 142 Fla. 647, 649-650, 195 So. 605 (1940) ("When a mortgage on land and the equity of redemption in the same lands become united in the same person, ordinarily the mortgage is merged and the same ceases to be an incumbrance and the owner will hold the lands with an unincumbered title, if there be no other mortgage or lien." (emphasis supplied)).
We agree with Janus that by arguing that its actions did not constitute a merger cancelling its mortgage, First Florida is attempting to escape its liability as the new property-owner for Janus' existing mortgage of record. Contrary to First Florida's argument that Janus is attempting to exploit the settlement and vault itself into a preferred position, we find that First Florida has attempted to foreclose on a no-longer existing mortgage and thereby improperly void Janus' lien.
First Florida's reliance on Gourley v. Wollam, 348 So.2d 1218 (Fla. 4th DCA 1977) is misplaced. In Gourley, the mortgagee's intention in accepting a deed from the mortgagor in lieu of foreclosure was left open to debate. Unlike the mortgagee in Gourley, First Florida solemnized its intent by executing and recording a satisfaction of mortgage.
Accordingly, we vacate judgment in favor of First Florida and remand for further proceedings consistent with this opinion. As some details concerning the foreclosure of Janus' mortgage remain to be determined, we affirm the denial of summary judgment in its favor.
FRANK and PARKER, JJ., concur.