557 So.2d 647 (1990)
Gerald PRIGAL, Appellant,
v.
Joseph M. KEARN, Mitchell Garson, Milton Markowitz, As Trustee for 451 Corporation, and Milton Markowitz, Individually, Appellees.
No. 89-0343.
District Court of Appeal of Florida, Fourth District.
February 28, 1990.
Joel H. Feldman and Luke S. Brown of Feldman, Mallinger & Brown, P.A., Boca Raton, for appellant.
Michael L. Hyman and Andrew R. Spector of Hyman & Kaplan, P.A., Miami, and T.N. Murphy, Jr., P.A., Deerfield Beach, for appellee Joseph M. Kearn.
LETTS, Judge.
After accepting a deed in lieu of foreclosure from a subsequent purchaser, the original seller/lender of a parcel of real estate filed a separate lawsuit seeking $132,000, the face amount of a promissory note signed by the buyer/borrower who originally executed that promissory purchase money note and mortgage. That note and mortgage was the subject of the foreclosure.[1] The trial court held that the settlement (i.e., the deed in lieu of foreclosure) between the original seller/lender and the subsequent purchaser, who held title to the land at the time of the foreclosure, "operated as a release in favor of [the original buyer/borrower]." We affirm.
Some two years after the original seller/lender accepted a purchase money mortgage *648 and note executed by the original buyer/borrower, the former was required to file suit to foreclose the mortgage because a subsequent purchaser, who had assumed the mortgage, defaulted on the payments. The original buyer/borrower, was not named as a party in that foreclosure.
Sometime prior to the conclusion of the foreclosure suit, the original seller/lender settled with the subsequent purchaser, extinguished the outstanding mortgage and released the subsequent purchaser from liability on the $132,000 note. In return, the subsequent purchaser executed a deed which restored the original seller/lender to full fee simple ownership of the land. The original seller/lender later resold the land for $254,500, according to the stamps on the deed. The price paid for that land in the original transaction between the original buyer/borrower and the original seller/lender totalled $295,000. Not satisfied with the $254,500 received from the resale, the original seller/lender then filed a separate lawsuit against the original buyer/borrower claiming that he was still owed the full $132,000 on the promissory note. As we have said, the original buyer/borrower was not named in the foreclosure suit, nor was any deficiency decree sought in that foreclosure.
As a general rule, if a borrower returns his interest in mortgaged property to the lender, such a transfer operates as a merger of the two estates of interests, the lender is vested with complete title and any rights that he formerly held under the mortgage are terminated. Chase & Co. v. Little, 116 Fla. 667, 156 So. 609 (1934). The merger results in a discharge of the mortgage and a satisfaction of the debt. However, in Gourley v. Wollam, 348 So.2d 1218, 1220 (Fla. 4th DCA 1977), this court citing Jackson v. Relf, 26 Fla. 465, 8 So. 184 (1890) said:
When a mortgage on lands and the equity of redemption in the same lands have become united in the same person, ordinarily the mortgage is merged,  in other words, ceases to be an incumbrance,  and the owner will hold the lands with an unincumbered title, if there be no other mortgage or lien. But this is not always and necessarily the result. Whether it is or not, depends upon the intention of the person in whom the interests are united, and that intention is to be determined by his declarations at the time, or, in the absence of these, by his interest, as shown in the condition of things then existing, or by the attending circumstances. When there is no evidence of the intention of the owner in uniting the legal and equitable estates in himself, it is proper to presume that he intended that effect which is the most beneficial to him. 8 So. at 185.
Needless to say, the original seller/lender pounces on the latter portion of the above quote and avers that it was always his intention to hold the original buyer/borrower liable on the note. However, detailed analysis of the seller/lender's intentions are unnecessary because of other existing facts and circumstances attendant to this cause.
As was noted earlier, the subsequent purchaser, who was the defendant in the foreclosure, assumed personal liability on the original note and purchase money mortgage when he bought the land. By doing so, the subsequent purchaser became the principal debtor and the original buyer/borrower acquired the status of a surety, 37 Fla.Jur. Mortgages § 440. It is true that at that juncture, the original buyer/borrower was still personally liable on the note, but his dual status as a surety became of particular significance when the original seller/lender released the subsequent purchaser from liability on the $132,000 promissory note at the time the deed in lieu of foreclosure was accepted. The law is clear that one who is a surety or an accommodation maker on a promissory note is discharged from liability upon that note when the holder releases the collateral security, which in this case was the purchase money mortgage. See Annotation, Discharge of Accommodation Maker or Surety by Release of Mortgage or Other Security Given for Note, 2 A.L.R.2d 260, 268 (1948); 37 Fla.Jur. Mortgages § 440.
*649 Moreover, had the original buyer/borrower been named as a party in the foreclosure suit, he would have had the opportunity to protect himself by buying out the obligation and reacquiring title to the land. Under the facts sub judice, it would be manifestly unjust to allow the original lender to reacquire fee simple title to the land and also recover the full amount of the purchase money mortgage note given to him upon the occasion of the initial sale. If the original seller/lender suffered any deficiency, as he claims he did, he should not have released the subsequent purchaser, who assumed the note, from liability thereunder. Alternatively, he could have proceeded under section 702.06, Florida Statutes (1987) after establishing his deficiency. He chose not to follow either of the above alternatives and, as a consequence, we affirm.
AFFIRMED.
GLICKSTEIN and WALDEN, JJ., concur.
NOTES
[1] Actually, there were two purchase money mortgages and notes but that complication is not relevant to our holding. Moreover, there were other mortgages on, and further conveyances of, the land which are also omitted from the facts set forth in this opinion because they are deemed irrelevant to the result.