PATTERSON, Judge.
In this consolidated foreclosure action, C.T.W. Co., Inc., appeals from the final order granting summary judgment in favor of the appellees, Charles Caccamo and Donald M. Nairne, and denying C.T.W.’s motion for summary judgment. In its order the trial court found that C.T.W. was not entitled to be subrogated to the position of the original mortgagee because its payment of the full amount of the mortgage was a satisfaction and discharge of the mortgage rather than an assignment. C.T.W. argues that it received a valid assignment of the mortgage entitling it to all the rights of a first mortgagee. We agree and reverse.
On March 6, 1987, Rivergrove Apartments, Inc., purchased real property from Caccamo and Nairne and gave a first mortgage to The Key Bank of Florida. At the time, Rivergrove was owned by Roger McMurtry and Wisteria Development Co. Key Bank required eleven of Rivergrove’s shareholders to personally guarantee the note given to Key Bank. Caccamo and Nairne held a second mortgage on the property, but did not obtain personal guarantees on the debt.
Rivergrove began to fall behind on the mortgage payments. Some of the shareholders decided that it was necessary to put more capital into the corporation to keep the mortgages current; however, other shareholders refused to contribute the additional funds. As a result, five of the shareholders of Rivergrove, four of whom had personally guaranteed the note on the first mortgage, formed the appellant corporation, C.T.W. Co., Inc., to invest in the property and protect their interests. C.T.W. then paid the entire debt owed to Key Bank in exchange for an assignment of the mortgage.
When Rivergrove defaulted on the first and second mortgages, C.T.W. filed an action to foreclose on the first mortgage and Caccamo and Nairne filed an action to foreclose on the second mortgage. Caccamo and Nairne also filed a motion for summary judgment on the ground that since C.T.W. was owned by shareholders of Riv-ergrove who had personally guaranteed the note, the payment to Key Bank was a satisfaction and discharge of the first mortgage rather than an assignment.
The trial court granted the motion, stating that since the shareholders of River-grove were obligated to pay the first mortgage, the full payment of such acted as a satisfaction of the mortgage. The trial court found that the second mortgage was thereby elevated to a first mortgage position.
The trial court erred in finding that the payment to Key Bank was a satisfaction of the mortgage. Although a satisfaction or merger usually occurs when a mortgagor pays the entire debt owed to the mortgagee, Prigal v. Kearn, 557 So.2d 647 (Fla. 4th DCA 1990), C.T.W. was not the mortgagor obligated to pay the debt to Key Bank. C.T.W. is a corporate entity, separate from Rivergrove, which is legally entitled to obtain an assignment in its own name. The fact that the two corporations have shareholders in common does not affect the validity of the assignment. Key Bank and C.T.W. executed a written document evidencing the intent of the parties to execute an assignment of the mortgage, for the purpose of keeping the mortgage intact. See Ennis v. Finanz Und Kommerz-Union Etabl., 565 So.2d 374 (Fla. 2d DCA 1990); Gourley v. Wollam, 348 So.2d 1218 (Fla. 4th DCA 1977). C.T.W. is therefore entitled to be subrogated to the position of first mortgagee.
One who discharges an obligation is usually entitled to subrogation if he is not merely a volunteer. This right of subrogation may exist in favor of one who pays off a mortgage or encumbrance to protect his, own interest in the property. Boley v. Daniel, 72 Fla. 121, 72 So. 644 (1916); Eastern Nat’l Bank v. Glendale Fed. Sav *20 ings & Loan Ass’n, 508 So.2d 1323 (Fla. 3d DCA 1987).
This result has not prejudiced Caccamo and Nairne since their bargain was for a second mortgage, which is what they still possess. “Where the relative positions of the parties are clearly fixed by terms of contracts, and enforcement of the contracts will not prejudicially affect the rights of innocent persons or otherwise work an injustice, there is no need to resort to equity.” Eastern Nat’l Bank, 508 So.2d at 1325.
Caccamo and Nairne allege that the assignment is fraudulent because the corporation was formed by the shareholders of Rivergrove solely as a scheme to obtain the property through foreclosure in an attempt to extinguish junior liens. We find no evidence of fraud in the record indicating that the shareholders of C.T.W. induced the shareholders of Rivergrove to purposely default on the mortgage and go into foreclosure. However, we note that Cacca-mo and Nairne are not prejudiced from pursuing their claims in a collateral suit.
Reversed and remanded.
THREADGILL, A.C.J., and PARKER, J., concur.